## HAWLEY v. CITY OF MALDEN.

### ERROR TO THE SUPERIOR COURT OF THE STATE OF MASSACHUSETTS.

No. 18.   Argued March 6, 7, 1913.—Decided January 5, 1914.

The property of shareholders in their respective shares is distinct from the corporate property, franchises and capital stock of the corporation itself and may be separately taxed.

Even if the constitutional validity of the taxation by a State of shares owned by its citizens of stock of foreign corporations having no property and doing no business therein has not been definitely raised and directly passed upon by this court, the existence of the authority of the State has invariably been assumed. *Darnell* v. *Indiana*, 226 U. S. 390.

In dealing with the intangible interest of a shareholder there is no question of physical situs, and the jurisdiction to tax such interest is not dependent upon the tangible property of the corporation.

A State has the undoubted right, in creating corporations, to provide for the taxation in that State of all their shares, whether owned by residents or non-residents. *Corry* v. *Baltimore*, 196 U. S. 496.

*Quære*, whether in case of corporations organized under state laws a provision by the State of incorporation fixing the situs of shares for the purpose of taxation, by whomsoever owned, would exclude taxation of those shares by other States in which the owners reside.

While it .would be an advantage to the country and to individual States if non-conflicting principles of taxation could be agreed upon by the States so as to avoid the taxation of the same property in more than one jurisdiction, the Constitution of the United States does not go so far. *Kidd* v. *Alabama*, 188 U. S. 730.

204 Massachusetts, 138, affirmed.

THE facts, which involve the constitutionality under the due process clause of the Fourteenth Amendment of an assessment for taxation under authority of the State of shares of stock owned by residents of the State of foreign corporations which did no business and has no property within the State, are stated in the opinion.

*Mr. Courtenay Crocker* and *Mr. Nathan Matthews* for plaintiff in error:

Whether a tax by a State upon a resident thereof in respect of shares of stock owned by him in foreign corporations deprives him of his property without due process of law, in violation of the Fourteenth Amendment, because the property represented by the stock is not property within the State, has never been squarely presented to or decisively passed upon by this court. This point was not passed on in *Sturges* v. *Carter*, 114 U. S. 511; *Kidd* v. *Alabama*, 188 U. S. 730; *Wright* v. *L. & N. R. R.*, 195 U. S. 219; *Darnell* v. *Indiana*, 226 U. S. 390.

By analogy to the national bank decisions shares should only be taxed in the State where the company is organized and does business. See *People* v. *Commissioners*, 4 Wall. 244; *National Bank* v. *Commonwealth*, 9 Wall. 353; *National Bank* v. *Owensboro*, 173 U. S. 664, 668; *Third National Bank* v. *Stone*, 174 U. S. 432, 439; *Cleveland Trust Co.* v. *Lander*, 184 U. S. 111; *Van Allen* v. *Assessors*, 3 Wall. 573; *Bradley* v. *People*, 4 Wall. 459.

Independently of the Fourteenth Amendment, a state law which attempts to tax property situated in another State is void on general principles, as the State can have

no jurisdiction over such property. *Hayes* v. *Pacific Mail S. S. Co.*, 17 How. 596; *St. Louis* v. *Ferry Co.*, 11 Wall. 423; *State Tax on Foreign-Held Bonds*, 15 Wall. 300; *Morgan* v. *Parham*, 16 Wall. 471; *Louisville Ferry Co.* v. *Kentucky*, 188 U. S. 385; *Union Transit Co.* v. *Kentucky*, 199 U. S. 194, 204; *Del., Lack. & W. R. R.* v. *Pennsylvania*, 198 U. S. 341; *Metropolitan Life Ins. Co.* v. *New Orleans*, 205 U. S. 395; *West. Un. Tel. Co.* v. *Kansas*, 216 U. S. 1; *So. Pacific Co.* v. *Kentucky*, 222 U. S. 63, 74.

Under the due process clause of the Fourteenth Amendment taxes cannot be levied on land belonging to a resident but situated in another State. *Louisville Ferry Co.* v. *Kentucky*, 188 U. S. 385; *Del., Lack. & W. R. R.* v. *Pennsylvania*, 198 U. S. 341, 360; *Union Transit Co.* v. *Kentucky*, 199 U. S. 194.

Nor can taxes be levied on tangible personal property belonging to a resident but which has acquired a permanent location or situs in another State. Cases *supra*, and *Old Dominion S. S. Co.* v. *Virginia*, 198 U. S. 299; *Union Transit Co.* v. *Lynch*, 177 U. S. 149.

The correlative proposition is that such property may be taxed in the State where it is, although belonging to a non-resident. *Gromer &c.* v. *Standard Dredging Co.*, 224 U. S. 362; *Brown* v. *Houston*, 114 U. S. 622; *Pittsburg Coal Co.* v. *Bates*, 156 U. S. 577; *Coe* v. *Errol*, 116 U. S. 517; *Diamond Match Co.* v. *Ontonagon*, 188 U. S. 82; *Savings Society* v. *Multnomah Co.*, 169 U. S. 421; *Bristol* v. *Washington County*, 177 U. S. 133; *Carstairs* v. *Cochran*, 193 U. S. 10; *Thompson* v. *Kentucky*, 209 U. S. 340; *Hannis Distilling Co.* v. *Baltimore*, 216 U. S. 285; *Am. Steel & Wire Co.* v. *Speed*, 192 U. S. 500.

Property of the kind in question can only be taxed in the State where it is physically located. *Pullman's Car Co.* v. *Pennsylvania*, 141 U. S. 18, 22; *Buck* v. *Beach*, 206 U. S. 392, 400; *Marye* v. *B. & O. R. R.*, 127 U. S. 117, 123; *So. Pacific Co.* v. *Kentucky*, 222 U. S. 63, 74.

Taxes cannot be levied on corporate franchises belonging to a resident but granted by the United States, *California* v. *Pacific R. R.*, 127 U. S. 1, 40, or by another State, *Louisville Ferry Co.* v. *Kentucky*, 188 U. S. 385.

In holding that a State cannot tax property not within its limits, the court draws no distinction between tangible and intangible property. It is the situs that controls. *Buck* v. *Beach*, 206 U. S. 392, 401; *So. Pacific Co.* v. *Kentucky*, 222 U. S. 63, 68; *N. Y. C. & H. R. R. R.* v. *Miller*, 202 U. S. 584, 596, 597; *Kirtland* v. *Hotchkiss*, 100 U. S. 491; *Bonaparte* v. *Tax Court*, 104 U. S. 592.

The rule *mobilia sequuntur personam* is a legal fiction; it must always give way in matters of taxation to the facts of the case; it does not authorize taxation at the domicile of the owner of property which, whether tangible or intangible, is actually located and protected in some other State. For the history of the rule in its limited application to the law of taxation, see *Green* v. *Van Buskirk*, 7 Wall. 139, 150; *St. Louis* v. *Ferry Co.*, 11 Wall. 423, 430; *Pullman Co.* v. *Pennsylvania*, 141 U. S. 18, 22; *Adams Exp. Co.* v. *Ohio*, 166 U. S. 185, 224; *Eidman* v. *Martinez*, 184 U. S. 578, 581; *Union Transit Co.* v. *Kentucky*, 199 U. S. 194, 208; *Buck* v. *Beach*, 206 U. S. 392, 400; *Liverpool Ins. Co.* v. *Assessors*, 221 U. S. 346, 354.

While some forms of indebtedness may be subject to taxation in two States, such as debts secured by mortgage on real estate, *Kirtland* v. *Hotchkiss*, 100 U. S. 491; *Savings Society* v. *Multnomah County*, 169 U. S. 421; *New Orleans* v. *Stempel*, 175 U. S. 309; *Bristol* v. *Washington County*, 177 U. S. 133, if the mortgage is a mere lien on the land, unsupported by any note, bond, or personal indebtedness, it could not be taxed at the domicile of the holder, if a resident of another State.

Deposits of money and certain forms of credit may be so localized as to be subject to taxation in the State where the deposits are made or the credits given, *New Orleans* v.

*Stempel,* 175 U. S. 309; *Blackstone* v. *Miller,* 188 U. S. 189; *Assessors* v. *Comptoir National,* 191 U. S. 388; *Metropolitan Ins. Co.* v. *New Orleans,* 205 U. S. 395, but whether such credits are also taxable as technical debts in the State of the creditor's domicile, is doubtful.  *Liverpool Ins. Co.* v. *Assessors,* 221 U. S. 346.

A State cannot reach for taxation property which itself is not subject to taxation, by means of a tax upon the documents which represent the property. *Almy* v. *California,* 24 How. 169; *Fairbank* v. *United States,* 181 U. S. 283; *Selliger* v. *Kentucky,* 213 U. S. 200; *Buck* v. *Beach,* 206 U. S. 392.

If the property cannot be taxed specifically because outside the State, it cannot be reached indirectly, as by a general tax on the capital stock or property of a domestic corporation which would include the property outside the State.

In such cases the tax is void as to so much of the company's property as is situated outside the State. *Del., Lack. & West. Ry.* v. *Pennsylvania,* 198 U. S. 341; *Louisville Ferry Co.* v. *Kentucky,* 188 U. S. 385; *West. Un. Tel. Co.* v. *Kansas,* 216 U. S. 1.

As to the difference between the property, capital, or stock of a corporation and the shares of stock in the company held by individuals, see *National Bank* v. *Commonwealth,* 9 Wall. 353; *Delaware Railroad Tax,* 18 Wall. 206; *Tappan* v. *Merchants' Natl. Bank,* 19 Wall. 490, 503; *Farrington* v. *Tennessee,* 95 U. S. 679; *Dewing* v. *Perdicaries,* 96 U. S. 193; *Gibbons* v. *Mahon,* 136 U. S. 558; *Jellenik* v. *Huron Copper Co.,* 177 U. S. 1.

Property physically situated in one State is not taxable elsewhere, because taxation and protection are correlative incidents, and if protection can be furnished only in the State where the property is situated, taxation also must be confined to that State. *Tappan* v. *Merchants Bank,* 19 Wall. 490, 501; *Union Transit Co.* v. *Kentucky,*

199 U. S. 194, 204; *Liverpool Ins. Co.* v. *Assessors,* 221 U. S. 346, 356.

American economists agree that the attempt to tax shares of stock in foreign corporations upon their market value is unjust, unwise, and ineffective. See reports for 1907, 1908, 1909, 1910, 1911, and 1912 of the National and International Conferences on State and Local Taxation. Report of Wisconsin Tax Commission for 1910; Report in 1897 of Special Commission on Taxation in Massachusetts.

*Mr. H. L. Boutwell* for defendant in error:

The Massachusetts acts authorizing the levying of a tax by a municipal corporation upon shares of the stock of foreign corporations owned by its inhabitants domiciled therein are not contrary to the Fourteenth Amendment.

This form of taxation has existed under the laws of Massachusetts for more than seventy years. See the earlier enactment, in Rev. Stat., c. 7, § 4, the validity and constitutionality of which were sustained in *Great Barrington* v. *Commissioners,* 16 Pick. 572; *Dwight* v. *Boston,* 12 Allen, 316; *Frothingham* v. *Shaw,* 175 Massachusetts, 59, 61; *Hawley* v. *Malden,* 204 Massachusetts, 138.

A similar rule has been laid down in the decisions of the courts of many other States. *State* v. *Kidd,* 125 Alabama, 413; *Greenleaf* v. *Morgan County,* 184 Illinois, 226; *Seward* v. *Rising Sun,* 79 Indiana, 351; *Griffith* v. *Watson,* 19 Kansas, 23; *Appeal Tax Court* v. *Gill,* 50 Maryland, 377; *Bacon* v. *Commissioners,* 126 Michigan, 22; *Ogden* v. *St. Joseph,* 90 Missouri, 522; *State* v. *Branin,* 23 N. J. L. 484; *State* v. *Bentley,* 23 N. J. L. 532; *Worth* v. *Ashe County,* 82 N. Car. 420; *Worthington* v. *Sebastian,* 25 Oh. St. 1; *Bradley* v. *Bauder,* 36 Oh. St. 28; *Lander* v. *Burke,* 65 Oh. St. 532; *McKeen* v. *Northampton County,* 49 Pa. St. 519; *Whitesell* v. *Same, id.* 526; *Dyer* v. *Osborne,* 11 R. I. 321; *Union*

*Bank* v. *State,* 9 Yerg. (Tenn.) 490; *Nashville* v. *Thomas,* 5 Coldw. (Tenn.) 600.

This court has laid down the same rule, the constitutionality of the tax law, however, not being put in issue. *Sturges* v. *Carter,* 114 U. S. 511; *Kidd* v. *Alabama,* 188 U. S. 730; *Wright* v. *L. & N. R. R.,* 195 U. S. 219; *Darnell* v. *Indiana,* 226 U. S. 390.

Unless constrained by the most cogent reasons this court ought not to overturn a system of taxation which has been practiced for so many years and repeatedly upheld by the courts of so many different States. As to *Union Transit Co.* v. *Kentucky,* 199 U. S. 194, see correct rule stated in *Southern Pacific Co.* v. *Kentucky,* 222 U. S. 63; and see also *Gromer* v. *Standard Dredging Co.,* 224 U. S. 362, 376; *Tappan* v. *Merchants' National Bank,* 19 Wall. 490.

For the purposes of taxation, personal property may be separated from the owner, and he may be taxed on its account at the place where it is actually located.

In order to obtain a taxable situs in a jurisdiction other than that of the domicile of its owner tangible personal property must have become commingled or intermingled with the property of the taxing authority or permanently located there or incorporated in the local property of such other jurisdiction. *Old Dominion S. S. Co.* v. *Virginia,* 198 U. S. 299; *Del., Lack. & West. R. R. Co.* v. *Pennsylvania,* 198 U. S. 341; *Union Transit Co.* v. *Kentucky,* 199 U. S. 194; *Southern Pacific Co.* v. *Kentucky,* 222 U. S. 63.

For the foundation and general application of the rule *mobilia sequuntur personam,* see *Southern Pacific Co.* v. *Kentucky,* 222 U. S. 63; *St. Louis* v. *Ferry Co.,* 11 Wall. 423, 430.

The property taxed in the case at bar consists of shares of the capital stock of foreign corporations, as to which see *Tennessee* v. *Whitworth,* 117 U. S. 129; *New Orleans* v.

*Houston,* 119 U. S. 265, 277; *Union Transit Co.* v. *Kentucky,* 199 U. S. 194, 205.

The tendency of modern authorities is to apply the maxim *mobilia sequuntur personam,* and to hold that the property may be taxed at the domicile of the owner as the real situs of the debt, and also, more particularly in the case of mortgages, in the State where the property is retained. *Tappan* v. *Merchants' National Bank,* 19 Wall. 490; *Kirtland* v. *Hotchkiss,* 100 U. S. 491; *Bonaparte* v. *Appeal Tax Court,* 104 U. S. 592; *Sturges* v. *Carter,* 114 U. S. 511; *Kidd* v. *Alabama,* 188 U. S. 730; *Blackstone* v. *Miller,* 188 U. S. 189.

Certificates of stock of a foreign corporation held by a citizen of a State are taxable in that State, though a tax is also imposed on the property of such corporation situated in the State. *Sturges* v. *Carter,* 114 U. S. 511; *Dyer* v. *Osborne,* 11 R. I. 321, 326, 327; *Bradley* v. *Bauder,* 36 Oh. St. 28, 35; *Farrington* v. *Tennessee,* 95 U. S. 679.

MR. JUSTICE HUGHES delivered the opinion of the court.

The plaintiff in error, a resident of the city of Malden, brought this action to recover the amount of certain taxes which he had paid under protest. The taxes were assessed upon shares which he held in foreign corporations most of which did no business and had no property within the State of Massachusetts. It was alleged that the levy and collection were in violation of the due process and equal protection clauses of the Fourteenth Amendment. Demurrer to the declaration was sustained by the Superior Court and the case was reported to the Supreme Judicial Court of the Commonwealth which directed judgment for the defendant. 204 Massachusetts, 138.

It is conceded that the objection that the statute authorizing the tax [Rev. Laws (Mass.), c. 12, §§ 2, 4, 23] denies to the plaintiff in error the equal protection of the

laws is not well taken; but it is contended that the shares
were not within the jurisdiction of the State and hence
that the enforcement of the tax constitutes an unconsti-
tutional deprivation of property.

The power thus challenged, as the state court points
out, has been continuously exercised by the State of Mas-
sachusetts for more than three-quarters of a century.
Substantially the same statutory provision, derived from
an earlier enactment, is found in Rev. Stats. (Mass.), c. 7,
§ 4, and its constitutionality has been sustained by re-
peated state decisions. *Great Barrington* v. *County Com-
missioners*, 16 Pick. 572; *Dwight* v. *Mayor & Aldermen of
Boston*, 12 Allen, 316; *Frothingham* v. *Shaw*, 175 Massa-
chusetts, 59, 61. And other States through a long period
of years have asserted a similar authority. *Union Bank of
Tennessee* v. *State*, 9 Yerg. (Tenn.) 490; *McKeen* v. *County
of Northampton*, 49 Pa. St. 519; *Whitesell* v. *Same, id.* 526;
*State* v. *Branin*, 23 N. J. Law, 484; *State* v. *Bentley, id.*
532; *Worthington* v. *Sebastian*, 25 Oh. St. 1; *Bradley* v.
*Bauder*, 36 Ohio St. 28; *Dyer* v. *Osborne*, 11 R. I. 321;
*Seward* v. *Rising Sun*, 79 Indiana, 351; *Ogden* v. *St. Joseph*,
19 Missouri, 522; *Worth* v. *Ashe County*, 90 N. Car. 409;
*Jennings* v. *Commonwealth*, 98 Virginia, 80; *Appeal Tax
Court* v. *Gill*, 50 Maryland, 377; *State* v. *Nelson*, 107
Minnesota, 319; *Bacon* v. *State Tax Commissioners*, 126
Michigan, 22; *State* v. *Kidd*, 125 Alabama, 413; *Common-
wealth* v. *Lovell*, 125 Kentucky, 491; *Stanford* v. *San Fran-
cisco*, 131 California, 34; *Judy* v. *Beckwith*, 137 Iowa, 24;
*Greenleaf* v. *Morgan County*, 184 Illinois, 226. It is well
settled that the property of the shareholders in their re-
spective shares is distinct from the corporate property,
franchises and capital stock, and may be separately taxed
(*Van Allen* v. *Assessors*, 3 Wall. 573, 584; *Farrington* v.
*Tennessee*, 95 U. S. 679, 687; *Tennessee* v. *Whitworth*, 117
U. S. 129, 136, 137; *New Orleans* v. *Houston*, 119 U. S.
265, 277); and the rulings in the state cases which we have

cited proceed upon the view that shares are personal property and, having no situs elsewhere, ·are taxable by the State of the owner's domicile, whether the corporations be foreign or domestic.

It is said that the question of the constitutional validity of such taxation has not hitherto been raised definitely in this court and has not been directly passed upon. There is no doubt, however, that the existence of the state authority has invariably been assumed. In *Sturges* v. *Carter*, 114 U. S. 511, the action was brought to recover taxes imposed under the law of Ohio upon shares of stock owned by a resident of Ohio in the Western Union Telegraph Company, a New York corporation. The right of the State to tax the shares was not questioned and as it was found that a statutory exemption which was relied upon in defense did not apply, the recovery of the tax was sustained. Again, in *Kidd* v. *Alabama*, 188 U. S. 730, it was not disputed that the State was entitled to tax shares owned by its citizens in foreign corporations. The argument was that the statute in that case created an unconstitutional discrimination and, this point being found to ′ be without merit, the tax was upheld. In *Wright* v. *Louisville & Nashville R. R. Co.*, 195 U. S. 219, the question was whether shares of stock in a railroad corporation of another State, which were owned by a Georgia corporation were taxable under the constitution and laws of Georgia. The State's power to tax the shares was not denied, so far as the Constitution of the United States was concerned, but it was contended that this power had not been exercised. The constitution of Georgia provided that all taxation should "be uniform upon the same class of subjects, and *ad valorem* on all property subject to be taxed within the territorial-limits of the authority levying the tax," and should be levied and collected under general laws. The general tax act had authorized a tax on all of the taxable property of the State. It was clear that the

State had directed shares in foreign corporations to be taxed, provided these could be considered to be "property subject to be taxed within the territorial limits" of the taxing authority. And such shares when held by a resident being deemed to fall within this description, it was decided that the state officer was entitled to collect the tax. "Putting the case at the lowest," said the court (p. 222), "the above cited section of the constitution was adopted in the interest of the State as a tax collector, and authorizes, if it does not require, a tax on the stock." So also, in *Darnell* v. *Indiana*, 226 U. S. 390, the authority of the State to tax the shares of its citizens in foreign corporations was recognized, the tax being sustained against objections urged under the commerce clause, Art. I, § 8, and the equal protection clause of the Fourteenth Amendment.

To support the contention that this familiar state action, hitherto assumed to be valid, is fundamentally violative of the Federal Constitution, the plaintiff in error invokes the doctrine that a State has no right to tax the property of its citizens when it is permanently located in another jurisdiction. *Louisville & Jeffersonville Ferry Co.* v. *Kentucky*, 188 U. S. 385; *Del., Lack. & West. R. R. Co.* v. *Pennsylvania*, 198 U. S. 341; *Union Transit Co.* v. *Kentucky*, 199 U. S. 194. But these decisions did not involve the question of the taxation of intangible personal property (*Union Transit Co.* v. *Kentucky*, 199 U. S. p. 211); nor do they apply to tangible personal property which, although physically outside the State of the owner's domicile, has not acquired an actual situs elsewhere. *Southern Pacific Co.* v. *Kentucky*, 222 U. S. 63, 68. When we are dealing with the intangible interest of the shareholder, there is manifestly no question of physical situs, so far as this distinct property right is concerned, and the jurisdiction to tax it is not dependent upon the location of the lands and chattels of the corporation.

The argument, necessarily, is that shares are to be deemed to be taxable solely in the State of incorporation. It is urged that these rights rest in franchise and that the principle of the decision in *Louisville &c. Ferry Co.* v. *Kentucky, supra,* holding that a ferry franchise granted by Indiana to a Kentucky corporation was not taxable in Kentucky is applicable to shares of stock. But that case went upon the ground that the franchise was an incorporeal hereditament and hence had its legal situs in Indiana, 188 U. S. p. 398. Shares fall within a different category. While the shareholder's rights are those of a member of the corporation entitled to have the corporate enterprise conducted in accordance with its charter, they are still in the nature of contract rights or *choses in action.* Morawetz on Corporations, § 225. As such, in the absence of legislation prescribing a different rule, they are appropriately related to the person of the owner, and, being held by him at his domicile, constitute property with respect to which he is under obligation to contribute to the support of the government whose protection he enjoys. *Kirtland* v. *Hotchkiss,* 100 U. S. 491; *Bonaparte* v. *Tax Court,* 104 U. S. 592; *Covington* v. *First National Bank,* 198 U. S. 100, 111, 112; *Southern Pacific Co.* v. *Kentucky, supra;* Cooley on Taxation (3d ed.), 26.

Undoubtedly, the State in which a corporation is organized may provide, in creating it, for the taxation in that State of all its shares whether owned by residents or non-residents. *Corry* v. *Baltimore,* 196 U. S. 466. This is by virtue of the authority of the creating State to determine the basis of organization and the liabilities of shareholders. *Id.,* 476, 477; *Hannis Distillery Co.* v. *Baltimore,* 216 U. S. 285, 293, 294. So, by reason of its dominant power to provide for the organization and conduct of national banks, Congress has fixed the places at which alone shares in those institutions may be taxed. Rev. Stat., § 5219. Whether, in the case of corporations or-

ganized under state laws, a provision by the State of incorporation fixing the situs of shares for the purpose of taxation, by whomever owned, would exclude the taxation of the shares by other States in which their owners reside is a question which does not arise upon this record and need not be decided. No such provision is here involved, and the present case must be determined by the application of the established principle which has been stated.

The real ground of complaint in this class of cases is not that the shares are taxed in one place rather than in another but that they are taxed at all, when presumably the property and franchises of the corporation which give to the shares their value are also taxed. As to this we may repeat what was said in *Kidd* v. *Alabama*, 188 U. S. 730, 732, "No doubt it would be a great advantage to the country and to the individual States if principles of taxation could be agreed upon which did not conflict with each other, and a common scheme could be adopted by which taxation of substantially the same property in two jurisdictions could be avoided. But the Constitution of the United States does not go so far."

The judgment is affirmed.

*Affirmed.*