## Commonwealth, Appellant, *v.* Westinghouse Air-Brake Company.

*Corporations—Taxation—Capital stock tax—Valuation—Property outside State—Property engaged in manufacturing—Investments.*

1. No state has the power to tax tangible property permanently located beyond its jurisdiction, no matter under what guise it may undertake to do it. The power of the legislature to impose a tax is limited to persons, property and business within the jurisdiction of the State.

2. Where a corporation, for business or legal reasons, finds it necessary to incorporate companies in other states in order to conduct business there, and owns all the stock in such companies, it is to be deemed the owner of the properties belonging to such companies and located outside of Pennsylvania, for purposes of valuing its capital stock for taxation; but where a domestic corporation owns only a limited number of shares of capital stock of a foreign corporation, it is not thereby made the owner of personal property or real estate permanently located outside the State and is not entitled to a deduction for the value of the shares so held.

3. The fact that a corporation owns stock or bonds which it has acquired with a view to aiding its manufacturing business in Pennsylvania, is no ground for a contention that property so owned is actually engaged in manufacturing in Pennsylvania and therefore exempt from taxation.

Argued May 24, 1915. Appeals, Nos. 9 and 12, May T., 1915, by Commonwealth, from judgment of C. P. Dauphin Co., Commonwealth Docket, 1909, No. 561, on submission to court without a jury, in case of Commonwealth of Pennsylvania v. Westinghouse Air-Brake Com-

pany.  Before BROWN, C. J., MESTREZAT, POTTER, ELKIN, STEWART, MOSCHZISKER and FRAZER, JJ.  Affirmed.

Appeal from settlement of capital stock tax by auditor general and state treasurer.  Before KUNKEL, P. J.

The opinion of the Supreme Court states the facts.

The Commonwealth claimed $21,353.08.

The case was tried without a jury under the provisions of the Act of April 22, 1874, P. L. 109.  The court directed judgment to be entered for the Commonwealth for $6,856.34.  The Commonwealth and W.estinghouse Air-Brake Company appealed.

*Errors assigned* were in dismissing various exceptions to the findings of the trial judge.

*Wm. M. Hargest,* Deputy Attorney General, with him *Francis Shunk Brown,* Attorney General, for the Commonwealth.

*W. S. Snyder,* with him *A. C. Stamm, C. B. Miller* and *J. T. Olmsted,* for Westinghouse Air-Brake Company.

OPINION BY MR. JUSTICE ELKIN, July 3, 1915:

These are cross appeals from the same judgment.  The case was tried in the court below without a jury under the Act of April 22, 1874, P. L. 109, and hence the facts found must be accepted as conclusively established for the purpose of review.  The Commonwealth contends that some items were improperly deducted from the valuation of the capital stock, while the defendant company urges that the court erred in not allowing further deductions.  The case presents some interesting questions which to be understood must be explained.  The defendant company is a domestic corporation having the right to make and sell air-brakes manufactured under the Westinghouse patents which it has the power to take and hold.  It has never undertaken to do any other kind of

business and was so engaged during the tax year in question. The valuation of the capital stock issued and outstanding was fixed at $5,870,617.64, from which total amount certain deductions were asked and some allowed. Neither side seems to be satisfied with the conclusion reached and hence these appeals. The deductions asked for are based upon two grounds: (1) That certain property of the defendant company is permanently located outside the territorial limits of the State and hence beyond the jurisdiction of our taxing authorities; and, (2) that the defendant being a manufacturing corporation is entitled to an exemption from taxation upon so much of its capital stock as is actually and exclusively employed in manufacturing in this State. Both propositions are sound in principle and are sustained by precedent and authority. The difficulty is not with the law but with the facts. Some confusion has arisen in the consideration of these questions by regarding deductions for property permanently located outside our jurisdiction as an exemption allowed to manufacturing corporations in our State. Deductions for property permanently located outside of Pennsylvania cannot be regarded as an exemption within the meaning of the Act of June 1, 1889, P. L. 420, and its supplements. Deductions of this character do not depend upon express legislative authority, while exemptions to manufacturing corporations are based entirely upon the declared statutory policy of the State. Again, deductions for property permanently located outside the State are not limited to manufacturing corporations but are allowed to all kinds of corporations having property thus located. No state has the power to tax tangible property permanently located beyond its jurisdiction, no matter under what guise it may undertake to do this thing. The power of the legislature to impose a tax is limited to persons, property and business within the jurisdiction of the State: Com. v. Standard Oil Co., 101 Pa. 119. Where the valuation of capital stock includes

tangible property, which is beyond the jurisdiction of the State, it is to that extent at least the taking of property without due process of law, and therefore in violation of the Fourteenth Amendment to the Federal Constitution: Delaware, Lackawanna & Western R. R. Co. v. Pennsylvania, 198 U. S. 341. It is proper to remark in this connection that what has been said applies primarily to tangible personal property and real estate permanently located beyond the jurisdiction of the State. As to such property so located proper deductions should be allowed from the total valuation of the capital stock taxed here. What has just been said applies in the present case to the Wisconsin and Canadian plants, as to which we quote with approval the following paragraph from the opinion of the learned court below:

"The defendant contends that it is the real owner of the Wisconsin and Canadian companies; that having purchased the manufacturing plant in Wisconsin at a receiver's sale it became the owner, and that it was not any less the owner because it erected a corporation under the name of the National Brake and Electric Company and holds the property by means of the stock in that company. It argues that having thus become the owner of property located permanently out of the State, such property is not subject to taxation here, and if not, its value must be deducted from the aggregate capital stock upon which the tax has been charged in this settlement. The same contention is made with respect to the Canadian Westinghouse Company, Limited. The defendant established a plant at Hamilton, Ontario, and formed an organization known as the Canadian Westinghouse Company, Limited, for the purpose of maintaining its business in Canada. It holds the plant through the medium of the stock in that company. It thereby became none the less the real owner of the plant. It owns the plant and the evidence of its ownership is the shares of stock which it holds in that corporation."

As to these two properties this puts the question in-

volved in clear and concise form. The creation of a corporation in Wisconsin and the formation of a limited company in Canada were but a means to an end. It became necessary to do these things in order that the business of the defendant company could be advantageously conducted at those places. To all intent and purposes the defendant company owns these plants just as securely as if the legal title was vested in it. The law regards the substance and not the form, and this is especially true in the construction and administration of taxing statutes: Western Union Telegraph Co. v. State of Kansas, 216 U. S. 1. As applied to the facts relating to the Wisconsin and Canadian properties we fully concur in the views expressed by the learned court below. We base our conclusion, as did that court, upon the facts relating to the ownership of these plants.

As to the ownership of shares of stock in certain foreign corporations a different question arises. It is not pretended that the defendant company either owns or controls the property and business of these corporations. In order to establish business relations with these corporations the defendant company purchased a limited amount of their capital stock, but it had nothing to do with their incorporation and but little if anything with their control and management. The defendant simply owns some shares in these corporations. In no proper legal sense can it be said that a Pennsylvania corporation which owns a few shares of the capital stock of a foreign corporation, is thereby made the owner of personal property or real estate permanently located beyond our jurisdiction. To such a case the rule as to property permanently located outside our State does not apply. The purchase by a domestic corporation of a limited number of shares of the capital stock of a foreign corporation for the purpose of investment, or for incidental business reasons, does not constitute an ownership of property permanently located outside our State so as to entitle the domestic corporation to a deduction

for the value of the shares so held. This is an answer to the main contention of the defendant company in the present case.

We also agree with the learned court below in refusing to make a deduction for the shares of capital stock held by the defendant company in the International Construction Company and for the value of the bonds of the Mexican Car and Foundry Company, which deductions were asked on the ground that these investments were made with a view of aiding the defendant's manufacturing business, and therefore represents capital employed in manufacture. It is a sufficient answer to say that the exemption allowed to manufacturing corporations by our acts of assembly only applies to so much of their capital stock as is actually and exclusively employed in Pennsylvania.

We have not deemed it necessary to discuss what constitutes tangible and intangible property, or whether a tax on shares is a tax upon the property and assets of a corporation, because these questions have been so repeatedly considered by our courts that nothing of value could be added by anything we might say. We have indicated in a general way the broad underlying principles upon which such cases should be decided and these are conclusive under the facts of the case at bar.

The learned court below gave the case most intelligent and exhaustive consideration and we are in accord with the conclusions reached.

Judgment affirmed and both appeals dismissed.