# Commonwealth *v.* Sunbury Converting Works, Appellant.

*Taxation—Corporations—Capital stock tax—Foreign corpora-tions—Resident stockholder—Constitutional law—Fourteenth Amendment, U. S. Constitution—Exemption.*

1. The capital stock tax is a tax on the capital of the corporation, and not upon the stock itself.

2. Shares of stock of a foreign corporation are intangible property, and their value may be included in determining the amount on which the capital stock tax is to be assessed against a domestic corporate owner thereof, though its ownership includes all the shares of the foreign corporation.

3. A tax on the stock of a foreign corporation in the hands of a resident shareholder, is not a tax on the property represented by the capital of the corporation, but is a personal levy against the shareholder in question, based on the value of his stock.

4. The 14th Amendment to the Constitution of the United States does not prevent the inclusion of the value of such shares, in determining the amount on which the capital stock tax is to be assessed, since they are intangible property whose situs is the domicile of their owner.

5. The exemption from taxation of property located elsewhere, is based on the nature and location of the property, and not on the character of the owner thereof.

6. A corporation is a separate entity, irrespective of those who own its stock, and this is so although one person or corporation owns all the stock.

7. Commonwealth v. Westinghouse Air Brake Co., 251 Pa. 12, is overruled.

Argued April 19, 1926. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 8, May T., 1926, by defendant, from judgment of C. P. Dauphin Co., Commonwealth Docket, 1924, No. 74, for the Commonwealth, in case of Commonwealth v. Sunbury Converting Works. Affirmed.

Appeal from tax settlement. Before HARGEST, P. J.

The opinion of the Supreme Court states the facts. Judgment for Commonwealth. Defendant appealed.

*Error assigned* was, among others, judgment, quoting it.

*Harry S. Knight,* of *Knight & Taggart,* with him *Frederick H. Knight,* of *Edmonds & Obermayer,* for appellant.—Where a Pennsylvania corporation acquires real estate outside the State and subsequently organizes a foreign corporation to take title to such real estate and the Pennsylvania corporation is the owner of all the stock of such foreign corporation, the Pennsylvania corporation, for state tax purposes, is considered the real owner of such real estate outside the State, and, therefore, the property of its capital stock representing such real estate is exempt from the capital stock tax in Pennsylvania: Frick v. Com., 268 U. S. 473; Com. v. Oil Co., 101 Pa. 119; Com. v. Westinghouse Air Brake Co., 251 Pa. 12; Com. v. R. R., 3 Dauphin Co. R. 309; Com. v. Bridge Co., 216 Pa. 108.

*John Robert Jones,* Special Attorney for the Commonwealth, with *George W. Woodruff,* Attorney General, for appellee.—Shares of stock of a corporation are property and an asset of their owner, individual or corporate. They are a subject of tax under the laws of this State: Com. v. Westinghouse Airbrake Co., 251 Pa. 12; Dupuy v. Johns, 261 Pa. 40; Com. v. Furnace Co., 268 Pa. 283; Callery's App., 272 Pa. 255; McMullin's Est., 272 Pa. 284.

Shares of stock are intangible personal property and their situs for the purpose of taxation is the domicile of their owner. If the owner is a corporation, the situs for the taxation of such shares is the State in which the corporation was incorporated, such commonwealth being the domicile of the corporation: Com. v. Semet-Solvay Co., 262 Pa. 234, 236; Callery's App., 272 Pa. 255, 266;

Hawley v. Malden, 232 U. S. 1; Rhode Island Hospital Trust Co. v. Doughton, 46 U. S. Supreme Ct. 256.

OPINION BY MR. JUSTICE SIMPSON, June 26, 1926:

Defendant appeals from a judgment of the court below determining the amount of its capital stock tax for 1922. The facts are undisputed and may be briefly stated as follows:

Defendant is a domestic corporation, chartered in 1896. In 1920 it purchased certain land in New Jersey, intending to construct thereon a plant ancillary to its manufacturing establishment in this State. Title was first taken in the name of defendant's president; but, at its request, a deed was made to a New Jersey real estate company, organized for the purpose of taking title to the property, defendant receiving the entire capital stock of the foreign company, as the consideration for such transfer. The purpose in taking out that kind of a charter, and not one showing the company was intended to be a subsidiary of defendant, was the hope that thereby concessions could be obtained from the town of Belvidere, New Jersey, where the property was located, which would not be granted to a corporation of the character of defendant. The land has never been improved, and the nature of its future use, by the New Jersey corporation, or its vendees, is not now known.

Defendant, as required by statute, set forth in its return a calculation as to the amount of its capital stock tax, but in so doing deducted, from its total assets, the par value of the stock of the New Jersey corporation, claiming (1) That as owner of all the stock of that company, it, in legal effect, owned all the assets thereof, and, as they were tangible and located in another state, they could not be taxed here; and (2) That, in any event, in Com. v. Westinghouse Air Brake Co., 251 Pa. 12, we decided that such assets should be deducted in determining the amount of the tax. The court below refused to al-

low the deduction and assessed the capital stock tax accordingly; whereupon this appeal was taken.

We are of opinion that the judgment is right. When defendant was incorporated, the capital stock tax, in its present form, had been in existence a long time, and defendant's charter was taken subject to that annual liability. The pertinent statute in force, during the year covered by this appeal, was section 21 of the Act of June 1, 1889, P. L. 420, 429, as last amended by the Act of July 22, 1913, P. L. 903, 905. It provides that "every corporation......from which a report is required under the twentieth section hereof [which includes defendant] shall be subject to and pay into the treasury of the Commonwealth annually, a tax at the rate of five mills upon each dollar of the actual value of its whole capital stock of all kinds," with certain exceptions not necessary to be considered in this opinion. Although the tax is called a capital stock tax, it is really a tax upon the capital of the corporation (not upon the stock itself, which the corporation does not own); and hence, if only the plain language of the statute is to be considered, the value of the stock of the New Jersey corporation was properly included, for admittedly it forms part of the capital of defendant.

The accuracy of this conclusion is not contested; but defendant claims, as stated, that Com. v. Westinghouse Air Brake Co., supra, is a case in all essential respects similar to this one, so far as concerns the question under consideration, and that we there held a domestic corporation was not required to include the value of the stock of a foreign corporation, owned by the former, when its capital stock tax was being assessed. We did so hold; but our conclusion was based solely on the erroneous idea that the 14th Amendment to the Constitution of the United States forbade the inclusion of such assets. We said (251 Pa. 14), "deductions for property permanently located outside the State are......allowed to all kinds of corporations thus located. No state has

the power to tax tangible property permanently located beyond its jurisdiction, no matter under what guise it may undertake to do this thing. The power of the legislature to impose a tax is limited to persons, property and business within the jurisdiction of the State: Com. v. Standard Oil Co., 101 Pa. 119. Where the valuation of capital stock includes tangible property, which is beyond the jurisdiction of the State, it is to that extent at least the taking of property without due process of law, and therefore in violation of the 14th Amendment to the Federal Constitution: Delaware, Lackawanna & Western R. R. Co. v. Pennsylvania, 198 U. S. 341."

The case last cited held that coal, belonging to defendant but permanently located outside the State, could not be included in the appraisement for the capital stock tax, the decision being placed squarely on the ground that coal was tangible property. Our reliance on that case, as authority for our conclusion in the Westinghouse Air Brake Company case, shows that, despite the frequent use of the words "tangible property," we there fell into the error of supposing that tangibles and such intangibles as shares of stock, were to be treated alike in matters of taxation, for no distinction was drawn between the two, and no consideration was given to the fact that the foreign corporations themselves may have had, and probably did have, intangibles in the shape of bills receivable, etc., which would have been properly included in the taxable assets, if only the tangibles of the foreign corporations were to be exempted.

In determining the accuracy of our conclusion in that case, it is unnecessary to consider whether or not Cream of Wheat Co. v. Grand Forks, 253 U. S. 325, which held that a state may impose either a property or franchise tax on a domestic corporation, measured by the value of its outstanding capital stock, although its property, tangible and intangible, and its business, are entirely in another state, has been limited, by Citizens National Bank v. Durr, 257 U. S. 99, 109, to apply only to in-

tangible personal property, or, by Schwab v. Richardson, 263 U. S. 88, 98, to apply only to a franchise tax; or whether the 14th Amendment must now be applied to all kinds of taxes attempted to be imposed on the ownership or transfer of tangible property (Frick v. Pennsylvania, 268 U. S. 473) ; since shares of stock, the only thing involved in the instant case, are intangibles and may be taxed at the domicile of the owner, whether an individual or a corporation: Kidd v. Alabama, 188 U. S. 730; Wright v. Louisville & Nashville R. R. Co., 195 U. S. 219; Hawley v. Malden, 232 U. S. 1. So broadly has this right been interpreted that it was held to justify a tax on assets which included the public debt of another state (Bonaparte v. Tax Court, 104 U. S. 592), and the loans of the United States itself, except where the latter were exempted by act of Congress: Cleveland Trust Co. v. Lander, 184 U. S. 111. In Hawley v. Malden, supra, the exact question before us arose and was determined in favor of the right of the domiciliary state to tax the shares of the foreign corporation in the hands of their domestic owner. True, there are two distinctions, both immaterial so far as concerns the applicability of the 14th Amendment, between that case and this: (1) the owner there was an individual, while here it is a corporation; and (2) plaintiff there did not own all the stock of the foreign corporation.

Probably the most recent opinion of the Supreme Court of the United States, in which the point under consideration was examined, is Rhode Island Hospital Trust Co. v. Doughton, 46 Sup. Ct. Rep. 256, (U. S.) where it is said: "A state has no power to tax the devolution of the property of a nonresident, unless it has jurisdiction of the property devolved or transferred. In the matter of intangibles like choses in action, *shares of stock,* and bonds, the situs of which is with the owner, a transfer tax, of course, may be properly levied by the state in which he resides......The owner of the shares of stock in a company is not the owner of the corporation's prop-

erty. He has a right to his share in the earnings of the corporation as they may be declared in dividends, arising from the use of all its property. On the dissolution of the corporation he may take his aliquot share in what is left, after all the debts of the corporation have been paid and the assets are divided in accordance with the law of its creation. But he does not own the corporate property." The reason for allowing such assets to be included when assessing the capital stock tax, is clearly set forth by our present Chief Justice in Dupuy v. Johns 261 Pa. 40, 46, as follows: "The tax on stock of a foreign corporation, eo nomine, in the hands of resident shareholders, is not a tax on the property represented by the capital of the corporation, but is a personal levy against the shareholder in question, based on the value of his stock, without any intent to reach the property that gives the latter its value."

Apparently recognizing that, except in the single instance now to be stated, no effective answer can be made to the above reasoning, defendant frankly admits that the state may include, when determining the amount on which the capital stock tax is to be assessed, the value of any proportion of the shares of stock of a foreign corporation, short of the entire issue thereof, though all its property is tangible and located elsewhere. No reason is given for this attempted exception to the general rule; no authority is cited to support it except Com. v. Westinghouse Air Brake Co., supra, and we have found no others, except a few early cases in sister states, which then made, as we did, the mistake of supposing that a different rule should be applied under such circumstances, but have since corrected their error: see Wright v. Louisville & Nashville R. R. Co., supra. None of our cases except Com. v. Westinghouse Air Brake Co. lend any aid to defendant's contention on this point. In Monongahela Bridge Co. v. Pittsburgh & Birmingham Traction Co., 196 Pa. 25, 28, we quoted and approved a statement that "a corporation......is an entity, an

existence, irrespective of the persons who own all its stock. The fact that one person owns all of the stock does not make him and the corporation one and the same person." The same conclusion is stated in Bidwell v. Pittsburgh, Oakland & East Liberty P. Ry. Co., 114 Pa. 535, 541; Com. v. Monongahela Bridge Co., 216 Pa. 108; Macan v. Scandinavia Belting Co., 264 Pa. 384; Callery's App., 272 Pa. 255; and Hall & Co. v. Lyon, Singer & Co., 286 Pa. 119.

Nor has any tenable doctrine been suggested to support the alleged exception. On the contrary, every principle and analogy of the law points the other way. Article IX, section 1, of our State Constitution, which requires that "all taxes shall be uniform on the same class of subjects within the territorial limits of the authority levying the tax," would be but little stronger than a rope of sand, so far as this matter is concerned, if the owner of ninety-nine per cent of the shares of stock of a foreign corporation could be taxed on their value, but the owner of one hundred per cent thereof would be entirely exempt; yet this is defendant's claim, broadly asserted at the argument. Moreover, if the exemption, under the 14th Amendment, exists at all, it arises out of the fact that the tax, in fact or effect, is a tax on the property of the foreign corporation which issued the stock; but wherever a State is excluded from taxing the entire interest in foreign-located property, it is just as much debarred from taxing, either directly or indirectly, a fractional interest in that property. So, too, this exclusion would apply in favor of the taxpayer, if it applies at all, whether the tax is on the capital stock of a corporation, or on the investments or income of an individual, a partnership, a joint stock company or a corporation (Gloucester Ferry Co. v. Pennsylvania, 114 U. S. 196, 204; Hawley v. Malden, supra) for it is based on the nature and location of the property proposed to be taxed, and not on the character of the owner. The rule, as thus attempted to be interpreted, would also exclude

from taxation, by whomsoever they may be held, all mortgages or other securities, for the payment of which foreign-located property was pledged, though the reverse thereof was held in Kirtland v. Hotchkiss, 100 U. S. 491; all taxation of a holding company, except upon assets located in the state of incorporation; and all taxation on the registered public debt of another state, though, as already shown, this is allowable.

The theoretical basis of defendant's contention, oft repeated in its brief, is that where some one person or corporation owns all the stock of another corporation, the fact of the latter's ownership of its own property is but a fiction, at least for purposes of taxation, and that the law considers the sole stockholder as the real owner. Applied to the instant case, this is saying that defendant is the owner of all the assets of the New Jersey corporation, which has been shown not to be so. Defendant is not willing, moreover, to agree to the necessary logic of its contention, which would be that all intangibles of the foreign corporation would belong to the domestic corporation, and hence could be directly taxed by us. It desires to make the foreign title a "fiction" for the purpose of excluding the right to base a tax on any of the foreign corporation's tangible property, and a "fact" to exclude the right to base a tax on its intangible property. It is true, that, in the instant case, the New Jersey corporation had no intangible assets, except its franchises and goodwill; but in Com. v. The J. B. Brill Company, 287 Pa. 59, other intangibles appeared, and the same claim was made. It is not without importance, also, that it would be impracticable, for want of power to compel the production of books and papers located abroad, and the attendance of witnesses living there, and because, also, of the variance from day to day in the intangible assets of a foreign corporation, to separately consider their amount, when levying an annual tax; whereas in taxing a domestic corporation the books, papers and witnesses are attainable, and it is a matter

of indifference how often the character of the assets changes, since all of them are taxed. Carried to its logical conclusion, defendant's contention leads to the absurdity of saying, not that defendant is the real owner of the assets of the New Jersey corporation, because of ownership of all its stock, but that defendant's stockholders, as a class, own all those assets, because of their ownership of all of defendant's stock.

This somewhat elaborate review of the controlling principles and authorities, has led us, after most mature consideration, to the conclusion that Com. v. Westinghouse Air Brake Co., supra, must be overruled. It is out of harmony with the decisions of the Supreme Court of the United States, with those of our sister states, and stands alone with us. It contravenes the public policy of the State, which, as shown by all our pertinent legislation, has been to tax such assets, by whomsoever held in our State, except in the single instance where we have already taxed them, by taxing the corporation issuing the shares: Com. v. Shenango Furnace Co., 268 Pa. 283; Callery's App., supra. It places this State at a disadvantage, in that other states rightfully tax such assets, and ours is debarred from so doing, because of a decision shown to be clearly erroneous. Despite this serious arraignment, we would not now overrule Com. v. Westinghouse Air Brake Co., supra, if the error was one which could have been corrected by legislation; but, based, as it was supposed to be, on the 14th Amendment, it has always been beyond legislative curing, and hence, being our own error and correctible only by us, the remedy should be applied by us, as may be done without giving just ground for complaint: Fidelity & Columbia Trust Co. v. Louisville, 245 U. S. 54, 59-60.

The judgment of the court below is affirmed.