### Harrisburg, Appellant, *v.* Harrisburg Railways Company.

Argued May 28, 1935. Before SIMPSON, KEPHART, SCHAFFER, DREW and LINN, JJ.

*E. M. Biddle, Jr.,* with him *Paul G. Smith,* City Solicitor, and *J. Dress Pannell,* for appellant.

*Arthur H. Hull,* of *Snyder, Hull, Hull & Leiby,* for appellee.

PER CURIAM, June 29, 1935:

To plaintiff's statement of claim, defendant filed an affidavit of defense in lieu of a demurrer. It was sustained by the court below and the suit dismissed at the costs of the plaintiff, which thereupon prosecuted the present appeal. The judgment is right and must be affirmed.

Defendant is a street railway company, owning all the capital stock of the Transit Company of Harrisburg, which is authorized to and does operate motor busses for the carriage of passengers on certain of the streets of the city. The two corporations are separate and distinct entities, governed by separate and distinct boards of directors, although the railway company, by reason of its ownership of all of the shares of stock of the transit company, but not otherwise, may and doubtless does to a considerable degree control the policy of the latter company.

On September 14, 1903, the councils of the City of Harrisburg passed an ordinance entitled "An ordinance, being a supplement to 'An ordinance providing for the levy and collection of license taxes in the City of Harrisburg,' approved March 27th, A. D. 1893, providing for the payment by any street railway or traction company operating street railways within the city, of a tax of three per cent upon the gross receipts of such company or com-

panies in lieu of other taxation and relieving them from certain obligations and regulations."

The first section of the ordinance provides: "That whenever any *street passenger railway or traction company operating street passenger railways within the city, shall agree* in the manner hereinafter provided to pay to the city at the time now required for the payment of license taxes by the ordinances to which this is a supplement, the sum of three per cent upon the gross *receipts of such street railway or traction company, or railway companies operated by such traction company, from traffic originating in or ending in the city,* such payment shall be in lieu of any and all other license fees or taxes whatsoever which councils have heretofore imposed, or may hereafter impose, upon such street railway or traction companies."

The second section has no bearing on the questions involved in this appeal.

The third and last section provides: "This ordinance shall not be in force as to any company affected hereby until such company shall, by resolution of its board of directors, a duly certified copy whereof shall be filed with the city clerk, have agreed to pave between its tracks and do all other things herein required, in which case this ordinance shall be considered as a contract duly entered into between such company or companies and the City of Harrisburg."

The railway company, for itself and certain other passenger railway companies, leased and operated by it, accepted the provisions of the ordinance, but did not do so for or on account of the transit company nor did the transit company itself do so. Nevertheless the city claims herein to recover three per cent on the dividends paid to the railway company by the transit company.

It will be noticed also that the ordinance does not even refer to such companies as the transit company, but only to "any street passenger railway or traction company,

operating street passenger railways within the city," and that the three per cent is to be levied "upon the gross receipts of such street railway or traction company, or railway companies operated by such traction company, *from traffic* originating in or ending in the city," and upon such "gross receipts" only.

This does not include the dividends which the railway company receives from the transit company; quoad the railway company they are not "gross receipts . . . from traffic." The ordinance deals with the "gross receipts of such street railway or traction company or railway companies operated by such traction company." The dividends received by the railway company are not within any of those classes. Indeed the fares collected by the transit company from its patrons are not within any of them. That company is not a "street railway company," "a traction company," or "a railway company operated by a traction company," all of which connote street transportation operating on rails. Consequently the transit company could not have taken advantage of the ordinance, even if it had desired so to do, which, however, it never did.

There is no force in the contention that the transit company is but part of the railway company because of the latter's ownership of all the stock of the former (Com. v. Standard Oil Co., 101 Pa. 119; Bridge Co. v. Traction Co., 196 Pa. 25, 28; Callery's App., 272 Pa. 255, 262; Ambridge Boro. v. Phila. Co., 283 Pa. 5; Com. v. Sunbury Converting Works, 286 Pa. 545, 551), especially as the fares collected by the transit company are not, as we have pointed out, within the purview of the ordinance, by virtue of which the present claim is made. For the same reason, the argument fails that liability may be imposed because the plan of incorporating and operating the transit company may be treated as a scheme to evade payment of the three per cent to the city. As the city never had, and, under the ordinance, never could have any right

to any part of those fares, there could not have been a scheme to deprive her of them.

The judgment of the court below is affirmed.