Spang Stores, Inc., Appellant, *v.* Commonwealth of Pennsylvania, Appellee.

Argued January 6, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*William T. Marsh,* with him *Edward T. Baker,* and *Reed, Smith, Shaw & McClay,* for appellant.

*Eugene J. Anastasio,* Deputy Attorney General, for appellee.

OPINION BY JUDGE MENCER, February 27, 1975:

Spang Stores, Inc. (Spang) is a Pennsylvania corporation and is engaged in the operation of retail drug and discount department stores. As of January 1971, Spang was operating 59 drug stores and 5 department stores in western Pennsylvania, with a major concentration of stores in the Pittsburgh metropolitan area.

Spang has appealed from the decision of the Board of Finance and Revenue which had resettled its capital stock tax for the fiscal year ended January 31, 1971 at $16,800. The appeal was taken pursuant to Section 1104 of The Fiscal Code, Act of April 9, 1929, P.L. 343, *as amended*, 72 P.S. §1104 (Supp. 1974-1975). A jury trial was waived by the parties to this litigation, in accordance with the provisions of Section 1 of the Act of April 22, 1874, P.L. 109, *as amended*, 12 P.S. §688. The parties have entered into a stipulation of facts. We adopt the stipulation as our findings of fact and incorporate the same herein by reference. In the course of this opinion we will discuss those facts which, in our judgment, are essential to the disposition of this case.

Here we are confronted with the question as to whether or not the valuation placed on the capital stock of Spang by the Commonwealth in connection with its capital stock tax for the year ended January 31, 1971 was correct. Spang reported the value of its capital stock at $1.7 million but on the resettlement the Board of Finance and Revenue valued the capital stock at $2.4 million.

Section 20 of the capital stock tax act, Act of June 1, 1889, P.L. 420, *as amended*, applicable here, provides in pertinent part that the capital stock shall be valued and appraised "at its actual value in cash as it existed at the close of the year for which report is made; taking into consideration, first, the average which said stock sold for during the year; and second, the price or value indicated or measured by net earnings or by the amount of profit made and either declared in dividends, expended in bet-

terments, or carried into the surplus or sinking fund; and third, the actual value indicated or measured by consideration of the intrinsic value of its tangible property and assets, and of the value of its good will and franchises and privileges, as indicated by the material results of their exercise, taking also into consideration the amount of its indebtedness."

Spang's current assets on January 31, 1971 consisted of cash in the amount of $608,625, accounts receivable of $578,097, merchandise inventories of $6,102,294, and $116,801 of prepaid expenses. These items result in total current assets of $7,405,817. In addition, Spang's equipment and leasehold improvements on a cost basis with allowances for depreciation and amortization amounted to $1,801,563. The total assets were $9,212,982.

Spang's current liabilities totaled $2,919,195, and it was obligated on a demand loan with a remaining balance of $1,579,899. The book value of the shareholder's equity as of January 31, 1971 was $4,713,888. None of Spang's stock was issued or sold during the fiscal year ended January 31, 1971. Spang's earnings and dividend history for the 10 fiscal years ended January 31, 1971 was as follows:

| Year Ended Jan. 31 | Book Net Income After Federal Taxes | Dividends | | Capital Stock Valuation | |
|---|---|---|---|---|---|
| | | Cash | Stock | As Filed | As Settled |
| **A. FIVE YEARS ENDED JANUARY 31, 1966:** | | | | | |
| 1962 | $ 300,958 | $ 42,901 | $ 71,454 | 2,500,000 | 2,700,000 |
| 1963 | 309,308 | 90,089 | 75,018 | 2,600,000 | 2,800,000 |
| 1964 | 295,117 | 94,590 | 78,762 | 2,800,000 | 2,800,000 |
| 1965 | 346,783 | 132,003 | –0– | 2,800,000 | 2,800,000 |
| 1966 | 246,244 | 129,649 | –0– | 2,800,000 | 2,800,000 |
| TOTALS | 1,498,410 | 489,232 | 225,234 | | |

FIVE YEAR AVERAGE

| 1962-1966 | $ 299,682 | $142,893 |
|---|---|---|

## B. FIVE YEARS ENDED JANUARY 31, 1971:

| | | | | | |
|---|---|---|---|---|---|
| 1967 | $ 38,830 | $ 48,574 | –0– | 2,800,000 | 2,800,000 |
| 1968 | 72,887 | –0– | –0– | 2,800,000 | 2,800,000 |
| 1969 | 125,518 | –0– | –0– | 2,800,000 | 2,800,000 |
| 1970 | 28,566 | –0– | –0– | 1,700,000 | 2,800,000 |
| 1971 | 32,466 | –0– | –0– | 1,700,000 | 3,000,000* |
| TOTALS | 298,267 | 48,574 | –0– | | |

FIVE YEAR AVERAGE

| | | | |
|---|---|---|---|
| 1967-1971 | $ 59,653 | $ 9,715 | |

*1971 resettled at $2,800,000 on 2/2/72 and at $2,400,000 on 7/26/72

Based on these figures, Spang timely filed its capital stock tax return for the year ended January 31, 1971 and computed its tax on the basis of a sworn valuation of its capital stock of $1.7 million. The Department of Revenue settled, with subsequent approval of the Auditor General, Spang's capital stock tax for the fiscal year in question by using a value of $3 million relative to Spang's capital stock. Spang filed a petition for resettlement, and the Department of Revenue, with Auditor General approval, did resettle and fixed $2.8 million as the value of Spang's capital stock. A petition for review of the resettlement was filed with the Board of Finance and Revenue which resettled Spang's capital stock tax and placed a value of $2.4 million on its capital stock. This appeal followed.

The application of the statutory guidelines to a specific fact situation is not an easy or precise matter. In *Commonwealth v. Pomeroy's, Inc.*, 344 Pa. 538, 541, 26 A.2d 197, 199 (1942), it was stated: "Valuation for capital stock tax purposes is not just a matter of figures and accounting; judgment as to value is required. We repeat what was said in Com. v. Penna. R.R. Co., 297 Pa. 308, 317, 147 A. 242, 'the value of capital stock is not a matter of strict formula but a matter of judgment. "Common sense and practical every-day business experience are the best guides for those entrusted with the administration of tax laws. Taxation is a practical and not a scientific problem." ' "

In *Commonwealth v. Rosenbloom Finance Corporation*, 91 Dauphin 359 (1969), it was concluded that the different statutory factors for ascertaining valuation of capital stock may receive varying weight, or no weight at all, as the situation of each particular case occasions. *See Commonwealth v. Philadelphia Market Street Subway-Elevated Railway Company*, 408 Pa. 357, 184 A.2d 483 (1962).

The Commonwealth argues here that a $3 million value on Spang's capital stock would be proper because primary weight should be given to the $6,102,294 merchandise inventory which it is asserted results in a "liquid balance sheet" for the taxpayer. This feature, coupled with Spang's book equity of $4,713,888, is advanced as full justification of the Commonwealth's $3 million valuation.

Spang earnestly argues that its diminishing net earnings, its 4-year discontinuance of dividends, and its declining competitive position indicates that an $800,000 valuation of its capital stock would be more realistic and fully supportable. In addition, Spang urges that the balance sheet item for leasehold improvements in the unamortized amount of $988,946 has no value relative to the book value because these improvements will stay with the leased property at the termination of the leases. Since the majority of Spang's leases provide for an acceleration of rent in the event a store is closed prior to the termination of the lease, it is asserted that in determining value as of January 31, 1971 this factor should be given considerable weight.

We have considered de novo all of the matters raised concerning the valuation, keeping always in mind that we should take into consideration, when determining the "actual value in cash [of the capital stock] as it existed at the close of the [fiscal] year," the three statutory elements set forth in Section 20 of the capital stock tax act. We conclude that the element of prime importance

*here* is the price or value indicated or measured by net earnings or the amount of profit made. Therefore, we conclude that the actual value in cash of Spang's capital stock on January 31, 1971, was $2 million.

This determination of value makes it unnecessary to consider whether or not the Commonwealth is legally barred from seeking in this appeal a higher valuation of Spang's capital stock than that set by the Board of Finance and Revenue, and we do not decide that question here. *See Commonwealth v. Pomeroy's Inc., supra.*

Accordingly, we make the following

## Conclusions of Law

1. Spang Stores, Inc., a Pennsylvania corporation, is subject to capital stock tax liability under the provisions of the Act of June 1, 1889, P.L. 420, *as amended,* for its fiscal year ended January 31, 1971.

2. In appraising the value of the capital stock of Spang Stores, Inc., a Pennsylvania corporation, for capital stock tax purposes for its fiscal year ended January 31, 1971, the proper and legal valuation of such capital stock is $2 million.

3. The capital stock tax of Spang Stores, Inc., for its fiscal year ended January 31, 1971 is $14,000.

4. Judgment should be entered in favor of the Commonwealth and against Spang Stores, Inc., in the amount of $14,000.

## DECREE NISI

AND NOW, this 27th day of February, 1975, after hearing, it is ordered and decreed that judgment be entered in favor of the Commonwealth of Pennsylvania and against Spang Stores, Inc., in the amount of $14,000, together with interest and costs, according to law, unless exceptions be filed hereto within thirty (30) days. The Prothonotary is directed to notify forthwith the parties hereto or their counsel of this decree.