360 A.2d 180
**SPANG STORES, INC., Appellant,**

v.

**COMMONWEALTH of Pennsylvania.**

Supreme Court of Pennsylvania.

Argued May 3, 1976.

Decided July 6, 1976.

William T. Marsh, Butler, for appellant.

Eugene J. Anastasio, Deputy Atty. Gen., R. Scott Shearer, Harrisburg, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION

JONES, Chief Justice.

Appellant, Spang Stores, Inc., appeals [1] the decision of the Commonwealth Court which appraised the actual value of the capital stock of the appellant for the year ended January 31, 1971, pursuant to the Capital Stock Tax,[2] at $2,000,000. 17 Pa.Cmwlth. 448, 333 A.2d 493 (1975).

The taxpayer is a Pennsylvania Corporation engaged in the operation of fifty-nine retail drugstores under the name Sun Drug and five discount stores under the name of Eiben & Irr, all located in western Pennsylvania, with a major concentration of stores in the Pittsburgh metropolitan area.

Taxpayer timely filed its capital stock tax return for the fiscal year ended January 31, 1971, with a self-appraised actual value of its capital stock at $1,700,000, and a tax liability of $11,900. The Department of Revenue, pursuant to Section 801(d) of the Fiscal Code, reappraised the value of taxpayer's capital stock at $3,000,000, resulting in a tax liability of $21,000. Act of April 9, 1929, P.L. 343, Art. VIII, § 801, *as amended,* 72 P.S. 801 (1949). After this valuation was approved by the Auditor General, the taxpayer filed a petition for resettlement. As a result of that hearing, the Department resettled the taxpayer's capital stock tax liability to $19,600, based on a valuation of taxpayer's capital stock at $2,800,000. Taxpayer then filed with the Board of Finance and Revenue a petition for review of the action taken on its petition for resettlement. Following a hearing, the Board resettled the account and appraised the

1. Jurisdiction is rested in this Court by Act of July 31, 1970, P.L. 673, No. 223, Art. II, § 203, 17 P.S. § 211.203 (Supp. 1976–1977).

2. Pursuant to the Act of June 1, 1889, P.L. 420, § 21, *as amended,* 72 P.S. § 1871(a), appellant is required to make an annual payment to the Commonwealth of a tax at the rate of "five mills upon each dollar of the actual value of its whole capital stock."

value of taxpayer's capital stock at $2,400,000, with a resulting tax liability of $16,800. Taxpayer's appeal to the Commonwealth Court for a hearing *de novo* [3] under Section 1104 of the Fiscal Code followed. Act of April 9, 1929, P.L. 343, *as amended,* 72 P.S. § 1104 (Supp.1976–1977). The Commonwealth Court determined that the taxpayer's capital stock should be valued at $2,000,000. This appeal followed. Whether the Commonwealth Court properly valued the taxpayer's capital stock is the issue to which we now turn.

Under the Act of June 1, 1889, P.L. 420, § 21, *as amended,* 72 P.S. § 1871(a), appellant is required to make an annual payment to the Commonwealth of a tax at the rate of "five mills upon each dollar of the actual value of its whole capital stock." The tax is to be accompanied by a report setting forth information concerning the selling price of the taxpayer's stock during the year and the business operations and financial structure of the taxpayer. The report is also to include a valuation of the taxpayer's capital stock at its actual value in cash at the close of the tax year as made by the officers of the taxpayer. This valuation is to be made after considering (1) the average selling price of the taxpayer's stock during the year; (2) the value indicated or measured by the taxpayer's net earnings or by the amount of profit made and either declared in dividends, expended in improvements or carried into surplus or a sinking fund; and (3) *the actual value indicated or measured by the intrinsic value of the taxpayer's tangible property and assets and by the value of its good will, franchises and privileges, as revealed by the material results of their exercise, considering also the amount of the taxpayer's indebtedness.* Act of June 1, 1889, P.L. 420, § 20, *as amended,* 72 P.S. §§ 1901, 1902.

---

3. In the Commonwealth Court a jury trial was waived by the parties to this litigation pursuant to Act of April 22, 1874, P.L. 109, § 1, *as amended,* 12 P.S. § 688 (1953).

Appellant's current assets on January 31, 1971, consisted of cash in the amount of $608,625, accounts receivable of $578,097, merchandise inventories of $6,102,-294, and $116,801 of prepaid expenses. These items result in total current assets of $7,405,817. In addition, appellant's equipment and leasehold improvements on a cost basis with allowances for depreciation and amortization amounted to $1,801,563. The total assets were $9,212,982.

Appellant's current liabilities totaled $2,919,195, and it was obligated on a demand loan with a remaining balance of $1,579,899. The book value of the shareholder's equity as of January 31, 1971, was $4,713,888. None of appellant's stock was issued or sold during the fiscal year ended January 31, 1971. Appellant's earnings and dividend history for the five fiscal years ended January 31, 1971, was as follows:

| Year Ended January 31 | Book Net Income After Federal Taxes | Dividends | | Capital Stock Valuation | |
|---|---|---|---|---|---|
| | | Cash | Stock | As Filed | As Settled |
| FIVE YEARS ENDED JANUARY 31, 1971: | | | | | |
| 1967 | $ 38,830 | $ 48,574 | –0– | 2,800,000 | 2,800,000 |
| 1968 | 72,887 | –0– | –0– | 2,800,000 | 2,800,000 |
| 1969 | 125,518 | –0– | –0– | 2,800,000 | 2,800,000 |
| 1970 | 28,566 | –0– | –0– | 1,700,000 | 2,800,000 |
| 1971 | 32,466 | –0– | –0– | 1,700,000 | 3,000,000 * |
| TOTALS | 298,267 | 48,574 | –0– | | |
| FIVE YEAR AVERAGE | | | | | |
| 1967–1971 | $ 59,653 | | $ 9,715 | | |

We have provided the pertinent financial information which lead to the Commonwealth Court's decision in this matter. It is apparent, of course, and the Commonwealth focused on this factor in its valuation of appellant's capital stock, that under the facts present here the intrinsic value of appellant's assets is of primary consid-

* 1971 resettled at $2,800,000 on 2/2/72, at $2,400,000 on 7/26/72 and at $2,000,000 by order of the Commonwealth Court.

eration in valuing appellant's capital stock. This situation led the lower court to conclude that under such circumstances it was proper to arrive at a value by considering the third statutory measure of value after taking into consideration the net earnings of the corporation. Act of June 1, 1889, P.L. 420, § 20, *as amended*, 72 P.S. §§ 1901, 1902. We agree with this conclusion for any other would lead to an improper valuation without considering all of the pertinent statutory measures.

 We have frequently pointed out that the capital stock tax is actually a tax upon the properties and assets of a corporation: *Commonwealth v. Philadelphia Market Street Subway-Elevated Railway Company*, 408 Pa. 357, 184 A.2d 483 (1962); *Commonwealth v. Central Railroad Company of Pennsylvania*, 403 Pa. 419, 169 A. 2d 878 (1961); *Commonwealth v. Sunbury Converting Works*, 286 Pa. 545, 134 A. 438 (1926) ; *Commonwealth v. Fall Brook Railway Company*, 188 Pa. 199, 41 A. 606 (1898) ; and that valuation of the capital stock of a corporation is a matter of judgment, *Commonwealth v. Progress Manufacturing Company*, 389 Pa. 600, 133 A.2d 814 (1957); *Commonwealth v. Pomeroy's, Inc.*, 344 Pa. 538, 26 A.2d 197 (1942) ; *Commonwealth v. Pennsylvania Railroad Co.*, 297 Pa. 308, 147 A. 242 (1929). As these latter cases indicate, accounting figures are not determinative of valuation; and, book values are not evidence of actual value for capital stock tax purposes. *Commonwealth v. Gimbel Brothers, Inc.*, 18 Dauph. 385 (Pa.1915).

As one commentator has noted :

"[i]n determining the value of the capital stock of a corporation for the purpose of taxation, all elements of value must be considered, the amount of dividends declared, net earnings, market price, liabilities, indebtedness, earning capacity, value of franchise, and everything that may throw light upon the subject."

Stradley and Krekstein, Corporate Taxation and Procedure in Pennsylvania, § 94, p. 112.

These various factors have been given different treatment according to the corporation under study. The appellant's premise in contesting the valuation of its capital stock is that net earnings were the only figure used by the Commonwealth Court in ascertaining the valuation. Based upon this premise, the appellant contends that the valuation reached by the Commonwealth Court reflects an unrealistic capitalization of its net earnings. However, while net earnings may be an important element in valuation, this is not true in all cases. In *Commonwealth v. Rosenbloom Finance Corporation,* 49 Pa.D & C 2d 517 (Dauphin County 1969), the high liquidity of the corporation's stock was taken into consideration in determining the intrinsic value of the corporate assets in order to ascertain the proper valuation of the capital stock in that case. In *Commonwealth v. Philadelphia Market Street Subway-Elevated Railway Company,* 408 Pa. 357, 184 A. 2d 483 (1962), the Court was faced with a situation, much like the instant case, where no sales of stock occurred during the tax year and where no substantial earnings or profits either were or could be made. There we held that, under the circumstances, it was proper to arrive at a value by considering the intrinsic value of the corporation's assets.

The Commonwealth agrees that the Commonwealth Court properly weighed the statutory factors in this case. Here, the book assets of appellant were $9,212,982, with a book equity of $4,713,889 and current earnings of $32,466. Considering the nature and extent of appellant's enterprise, we conclude that the Commonwealth Court properly determined that the actual value of the capital stock of Spang's Stores, Inc., on January 31, 1971, was $2,000,000. In disputing this figure the appellant has maintained that the court below reached its valuation figure by considering only net earnings and ac-

cordingly the valuation figure established represents an unrealistic capitalization of the corporation's net earnings. It is clear, however, that the court below did not rely solely on the corporation's net earnings to reach the valuation figure, but rather took into consideration the low net earnings and discounted the book value of the corporation's assets accordingly in reaching its decision on valuation. The court's conclusion is consistent with the prior taxing history of the corporation which is relevant in determining the taxation of Spang Stores. Stradley and Krekstein, Corporate Taxation and Procedure in Pennsylvania, § 139, p. 183.

Order affirmed. Each party to bear own costs.

POMEROY, J., filed a concurring opinion in which EAGEN, J., joins.

ROBERTS and NIX, JJ., concur in the result.

POMEROY, Justice (concurring).

The appellant, Spang Stores, Inc., contends that the Commonwealth Court erred in applying the three-part statutory test for valuation of appellant's capital stock, Act of June 1, 1889, P.L. 420, § 20, *as amended*, 72 P.S. § 1902, because the court focused exclusively on net earnings factor.

The Commonwealth Court did state in its opinion that "the element of prime importance *here* is the price or value indicated or measured by net earnings on the amount of profit made" (emphasis in original) and then concluded that appellant's capital stock was worth $2,000,000. Capitalization, even at a rate of ten per cent, of appellant's average net earnings figure [1] for the applicable period, yields not $2,000,000 but only approximately $600,000. Nevertheless, I am satisfied from my review of the record that the quoted sentence is not to be

1. $59,653 for the five year period.

taken in the literal sense argued for by appellant, and that the Commonwealth Court did in fact consider and give due weight to all the relevant statutory factors and that the valuation of appellant's capital stock at which it arrived is sound and valid. Hence I agree that the order of the Commonwealth Court should be affirmed.

EAGEN, J., joins in this concurring opinion.