Commonwealth of Pennsylvania *v.* Penn Square Management Corp., Appellant.

Argued September 12, 1978, before President Judge BOWMAN and Judges WILKINSON, JR., MENCER, ROGERS, BLATT, DISALLE and MACPHAIL. Judges CRUMLISH, JR. and CRAIG did not participate.

*Alan I. Baskin,* with him *Baskin, Mendelsohn & Leisawitz,* for appellant.

*Robert P. Coyne,* Deputy Attorney General, with him *Eugene J. Anastasio,* Deputy Attorney General, for appellee.

OPINION BY PRESIDENT JUDGE BOWMAN, December 8, 1978:

Penn Square Management Corp. (Penn Corp.) has appealed from an order of the Board of Finance and Revenue (Board) affirming the taxing authorities' settlement of Penn Corp.'s capital stock tax for the year ending December 31, 1973.

During the calendar year 1973 Penn Corp. was engaged in the business of investment adviser for the Penn Square Mutual Fund, an open-end investment trust.

Penn Corp. timely filed its Pennsylvania Corporate Tax Reports reflecting a capital stock tax of six thousand ($6,000.00) dollars, based upon a self-appraised actual value of its capital stock in the amount of six hundred thousand ($600,000.00) dollars. The Department of Revenue reappraised the actual value of

the capital stock at eight hundred and forty thousand ($840,000.00) dollars, and settled Penn Corp.'s tax liability at eight thousand four hundred ($8,400.00) dollars.

Penn Corp. filed a Petition for Resettlement and when the resettlement was denied sought review by the Board. After hearing, the Board refused the petition and Penn Corp. filed the instant appeal.

An approved bond was filed and hearing had, at which time a partial stipulation of facts was made a part of the record and additional valuation evidence proffered by each party.

To determine the actual value of capital stock upon which the tax is imposed Section 601 of the Tax Reform Code of 1971, Act of March 4, 1971, P.L. 6, *as amended*, 72 P.S. §7601, requires that there be taken into consideration:

[F]irst, the average which said stock sold for during the year; and second, the price or value indicated or measured by net earnings or by the amount of profit made and either declared in dividends, expended in betterments, or carried into the surplus or sinking fund; and third, the actual value indicated or measured by consideration of the intrinsic value of its tangible property and assets, and of the value of its good will and franchises and privileges, as indicated by the material results of their exercise, taking also into consideration the amount of its indebtedness.

In this appeal Penn Corp. contends that the taxing authorities employed fair market value, not actual value, in settlement of its tax liability which argument also encompasses a contention that undue weight was given to Penn Corp.'s equity as reflected by its books. The Commonwealth counters that primary reliance

upon Penn Corp.'s stated book equity adjusted downward to reflect current and trended low earnings and dividends and by taking into consideration substantial officers' salaries of over $267,000 payable to four officers, three of whom own 87% of its stock, produces a reasonable actual value of Penn Corp.'s stock for the year in question.

Initially, we are at a loss to comprehend the thrust of Penn Corp.'s first contention. It is true that exclusive reliance upon accounting figures is not acceptable, but we are not here concerned with any such question. From the testimony adduced at hearing there is no doubt that both parties relied upon Penn Corp.'s balance sheet and tax return reflecting a book equity of $1.3 million. The Commonwealth does not dispute it nor can Penn Corp. deny its own figures. Whether this item is characterized as an accounting figure, a book figure, or Penn Corp.'s own fair market valuation of its equity, does not make the Commonwealth's use of it improper as a factor to be considered in determining actual value for capital stock tax purposes.

Because other factors requiring consideration were wanting—no sales of stock—or considered of little significance—low current and trended earnings and dividends—the value of Penn Corp.'s equity was the focal point of the testimony of the witness for the Commonwealth and witnesses for Penn Corp. The witness for the Commonwealth, a taxing officer, accepted Penn Corp.'s reflected book equity of $1.3 million and stated that he discounted this figure to approximately 60% to reach the ultimate actual value of the stock as $840,000. He testified he did so, rather than utilizing a 70% discounting percentage usually applied, to compensate for current and trended low earnings and dividends in conjunction with consider-

ation of substantial salaries paid to the officers, three of whom owned 87% of the stock of Penn Corp.

An accountant for and an officer of Penn Corp. testified that Penn Corp.'s equity figure as reflected in its books is an unrealistic figure because it is an overstatement of the present worth of the original purchase price paid for another firm purchased by Penn Corp., which figure for the most part represents a "good will" value. This is particularly so, they testified, because of relatively poor current and trended earnings and dividends considered in conjunction with a projected unprofitable future for the investment counsel business. In essence they assert that Penn Corp.'s equity as reflected in its books is too high for capital stock tax purposes.

In our opinion it was proper for the Commonwealth under cirumstances here present, in arriving at the actual value of Penn Corp.'s capital stock, to place primary emphasis upon its equity.

> In Commonwealth v. Philadelphia Market Street Subway-Elevated Railway Company, 408 Pa. 357, 184 A.2d 483 (1962), the Court was faced with a situation, much like the instant case, where no sales of stock occurred during the tax year and where no substantial earnings or profits either were or could be made. There [it was] held that, under the circumstances, it was proper to arrive at a value by considering the intrinsic value of the corporation's assets.

*Spang Stores, Inc. v. Commonwealth,* 468 Pa. 63, 69, 360 A.2d 180, 183 (1976).

It is clear from the record that while book equity was the primary factor utilized in arriving at the settlement figure, low net earnings and its dividend paying record were considered with book value being discounted accordingly. We believe this method to be

sound and valid. *See Spang Stores, Inc. v. Commonwealth, supra.*

Penn Corp.'s attempt through its witnesses to discredit its own valuation of its equity predicated in part upon future projections we find to be unpersuasive.

As the stipulated record contains all the figures relied upon by both parties and their witnesses, it is unnecessary to make further findings of fact. We adopt as our findings of fact the stipulated record. The testimony of all witnesses which focused upon the value of Penn Corp.'s equity as reflected by its return in determination of the actual value of Penn Corp.'s stock, heretofore discussed, does not require further findings of fact.

In addition to its argument on the merits, Penn Corp. complains that the hearing judge prior to argument before the Court en banc on the merits, reserved ruling on an objection by Penn Corp. to the admissibility of its 1971, 1972, 1974 and 1975 tax returns and a motion by Penn Corp. to strike the testimony of the Commonwealth witness. To the extent that Penn Corp. appears to argue that such reserved evidentiary ruling must be resolved prior to argument before the Court en banc, we are unaware of any such requirement in this appeal procedure and Penn Corp. has pointed to none. As to the objection and motion themselves the returns of Penn Corp. for years other than the tax year in question have not been considered by us. Therefore, this question need not now be addressed. Nor is Penn Corp.'s motion to strike the testimony of the Commonwealth witness well taken. Use by him of Penn Corp.'s book equity as reflected on its return in ultimate determination of the actual value of its stock does not, as heretofore discussed, constitute an ultimate determination of actual value based upon "accounting figures." Penn Corp.'s reliance up-

on *Commonwealth v. Philadelphia Market Street Subway-Elevated Railway Co., supra,* and *Spang Stores, Inc., supra,* is misplaced. As heretofore discussed, valuation for any purpose necessarily involves figures and no less so for determination of actual value for capital stock tax purposes. The cases cited by Penn Corp. simply stand for the proposition that accounting figures or those reflected upon the books of a corporation are not sanctified by their mere existence in determination of the actual value for capital stock tax purposes.

### Conclusions of Law

1. Penn Square Management Corp., a Pennsylvania Corporation, is subject to capital stock tax liability under provisions of the Tax Reform Code of 1971, Act of March 4, 1971, P.L. 6, *as amended,* 72 P.S. §§7601, 7602, for its calendar year 1973.

2. The value of the capital stock of Penn Square Management Corp. for capital stock tax purposes for its calendar year 1973 was lawfully settled in the amount of $840,000.00 with a resulting tax liability of $8,400.00.

3. Judgment should be entered in favor of the Commonwealth and against Penn Square Management Corp. in the amount of $8,400.00.

4. The action of the Board of Finance and Revenue is affirmed.

### Decree Nisi

Now, December 8, 1978, unless objections be filed hereto within thirty (30) days of the date hereof, it is hereby ordered that judgment be entered in favor of the Commonwealth and against Penn Square Management Corp. in the amount of $8,400.00, said judgment to be marked partially satisfied by payment of $6,-

000.00, together with interest and costs according to law.

The Chief Clerk is directed to forthwith notify the parties hereto, or their counsel, of this decree.