173 S.W.3d 910 (2005)
AMERICAN LIFE & ACCIDENT INSURANCE COMPANY OF KENTUCKY, INC., Appellant,
v.
COMMONWEALTH of Kentucky, Revenue Cabinet; Dana B. Mayton, In Her Official Capacity as Current Secretary of The Kentucky Revenue Cabinet; and, The Kentucky Board of Tax Appeals, Appellees.
No. 2003-CA-001802-MR.
Court of Appeals of Kentucky.
October 15, 2004.
Discretionary Review Denied by Supreme Court October 12, 2005.
*911 Mark F. Sommer, John R. Cummins, Greenbaum, Doll & McDonald, PLLC, Louisville, KY, for appellant.
Douglas M. Dowell, Division of Legal Services Finance and Administration Cabinet, Frankfort, KY, for appellees, Revenue Cabinet.
Before BARBER, KNOPF, and TACKETT, Judges.

*912 OPINION

BARBER, Judge.
At issue in this appeal is whether the two-year statute of limitations in KRS 134.590 or the four-year statute of limitations in KRS 134.580 applies to claims for refunds for taxes paid pursuant to KRS 136.320 by American Life & Accident Insurance Company of Kentucky, Inc. (American Life).
American Life contends that the four-year time limit applies while the Commonwealth of Kentucky, Revenue Cabinet (Revenue Cabinet), argues that the two-year statute of limitations is the correct law to apply. American Life also maintains that no matter what statute of limitations is held appropriate, it is entitled to receive either equitable recoupment or set-off of amounts it overpaid on its tax liability for the years in question against any future tax liability it may incur. We agree with the circuit court that the two-year statute of limitations is the proper one to apply in this case, and that American Life is not entitled to equitable recoupment or set-off, thus, we affirm the circuit court's judgment.
Turning to the issues raised in this appeal, whether the two-year statute of limitations or the four-year statute of limitations applies to American Life's refund claims, and whether American Life is entitled to equitable recoupment or set-off of the taxes it has paid, it is observed that there is no dispute as to the material facts.
American Life is a Kentucky Life Insurance Company that pays taxes under KRS 136.320. From 1988 to 1996 American Life paid taxes in accordance with KRS 136.320 which imposes:
An annual tax of seventy cents (70 cents) on each one hundred dollars ($100) of the fair cash value of "taxable capital" and one-tenth of one cent ($.001) on each one hundred dollars ($100) of the fair cash value of "taxable reserves" shall be imposed for state purposes. The tax shall be in lieu of all excise, license, occupational, or other taxes imposed by the state, city, or other taxing district, except as provided in subsections (4), (5), and (6) of this section.
KRS 136.320(3).[1]
The "taxable capital" is determined by deducting "taxable reserves" from "capital," less exempt intangible personal property. KRS 136.320(2)(a). Other provisions of the statute define the terms "capital" and "taxable reserves." KRS 136.320(1)(a) & 136.320(2)(b). Capital is also referred to as "the company's intangible personal property." KRS 136.320(1)(a). KRS 136.320(1)(b) requires American Life to provide to the Revenue Cabinet the fair cash value of its intangible personal property exempt from taxation by law.
The Revenue Cabinet has traditionally interpreted property to be included in the calculation of intangible personal property the same as it did under KRS 132.020. KRS 132.020 and KRS 136.030 were held to be unconstitutional in St. Ledger v. Commonwealth of Kentucky, Revenue Cabinet, Ky., 942 S.W.2d 893 (1997). The specific property unconstitutionally included in the calculation of intangible personal property is not relevant to the issues in this appeal except to note that the Revenue Cabinet agrees that the items included should not have been included.
*913 In 1997, based on the outcome of St. Ledger, American Life applied for a refund for a portion of the taxes it had paid under KRS 136.320 from 1988 to 1996. The Revenue Cabinet issued a refund for the tax years 1995 and 1996, but refused to refund any further tax years or to issue a credit to American Life for the years 1988 to 1994. The Revenue Cabinet's reasoning was that the two-year statute of limitations contained in KRS 134.590 rather than the four-year statute of limitations in KRS 134.580 concerning refunds of taxes applied. Further, the Revenue Cabinet maintained that American Life was not entitled to any credits for the taxes it had paid against any other taxes it may owe in the future.
This was the basis of the Revenue Cabinet's motion to dismiss at the Board and the Board agreed. The circuit court also agreed with the Revenue Cabinet and this appeal followed.
The questions involved in the present case deal with the construction and interpretation of statutes. In essence, American Life contends that the Board and the circuit court have misapplied the law to the facts. Therefore, our review of the circuit court's decision is de novo. Bob Hook Chevrolet Isuzu, Inc. v. Commonwealth of Kentucky, Transportation Cabinet, Ky., 983 S.W.2d 488, 490-491 (1998); Epsilon Trading Co., Inc. v. Revenue Cabinet, Ky.App., 775 S.W.2d 937, 940 (1989).
The statutes at issue here, KRS 134.580 and KRS 134.590, provide for refunds from the Commonwealth for the overpayment of taxes or payment of taxes when no taxes were due. KRS 134.580, which American Life argues applies to its refund application, allows a taxpayer to receive a refund of overpaid taxes if the refund is applied for within 4 years of the date the return was to be filed or the date the money was paid into the state treasury, whichever is later. KRS 134.580(4). It excepts ad valorem taxes and taxes paid that may be held unconstitutional. KRS 134.580(2) and KRS 134.580(5).
KRS 134.590 allows a refund for improperly paid ad valorem taxes and taxes assessed pursuant to a statute held unconstitutional. KRS 134.590(1). A two-year statute of limitations is imposed on those applying for such a refund. KRS 134.590(2).
American Life makes two arguments that KRS 134.590 should not apply. First it contends that the tax imposed by KRS 136.320 is not an ad valorem tax and second it argues that KRS 136.320 has not been held unconstitutional. Therefore, it reasons, KRS 134.590's two-year statute of limitations is inapplicable.
If the tax is, in fact, an ad valorem tax, as contended by the Revenue Cabinet, then there is no need to reach the question of whether KRS 136.320 has impliedly been held unconstitutional by the decision in St. Ledger with respect to the characterization of certain property as intangible personal property or exempt intangible personal property.
American Life contends that the tax imposed by KRS 136.320 is not an ad valorem tax primarily citing to the legislative history of the statute and the fact that but for the provisions of KRS 136.320 it would be subject to various other types of taxes such as income tax and license taxes. It also notes that the statute states the tax is imposed "in lieu of" other types of taxes.
The character of a tax is determined by its operation, effect, and incidents, not by the label the legislature appends in the statute. Reynolds Metal Co. v. Martin, 269 Ky. 378, 107 S.W.2d 251, 259 (1937); City of Lebanon Junction v. Cellco Partnership, Ky.App., 80 S.W.3d 761, 764 (2001); Circle "C" Coal Co., Inc. v. *914 Commonwealth, Ky.App., 628 S.W.2d 883, 885 (1981). KRS 136.320 does not specifically identify what type of tax is being imposed so we must determine whether it is an ad valorem tax from its operation and effect.
An ad valorem tax is one that is levied on property at a certain rate upon its value and literally means "according to the worth." Revenue Cabinet v. Estate of Field, Ky.App., 864 S.W.2d 930, 932 (1993). See also 71 Am.Jur.2d State and Local Taxation § 18. It is commonly levied on a percentage or rate of the value of property on a regular basis. KRS 136.320 requires the valuation of certain types of property and assesses a tax annually at a rate of 70 cents on each $100.00 of the fair cash value of taxable capital and one-tenth of one cent on each $100.00 of the fair cash value of taxable reserves of American Life.
Despite American Life's contention that this "capital stock tax," as the parties refer to it, is not a tax on property, or, in other words, an ad valorem tax, KRS 136.320 quite clearly imposes a tax that operates as one classically considered an ad valorem tax. We also note that in case law "capital stock" is consistently held to comprise the property of a corporation. See e.g., Luckett v. Tennessee Gas Transmission Co., Ky., 331 S.W.2d 879, 880 (1960); Spang Stores, Inc. v. Commonwealth, 468 Pa. 63, 68 360 A.2d 180, 183 (1976); Commonwealth v. New York, P. & O.R. Co., 188 Pa. 169, 189, 41 A. 594, 602 (1898).
We conclude that the tax imposed by KRS 136.320 in its operation, effect, and incidents is an ad valorem property tax. Therefore, the two-year statute of limitations contained in KRS 134.590 is applicable and the Revenue Cabinet correctly denied a refund for tax years prior to 1995. Since we have held that the tax in KRS 136.320 is an ad valorem tax there is no need to address whether or not KRS 136.320 must specifically be held unconstitutional for the statute of limitations in KRS 134.590 to apply or can be impliedly held unconstitutional by the ruling in St. Ledger.[2]
American Life next argues that even if the two-year statute of limitations applies, it is still entitled to receive credits for the overpayments it has made under the theories of equitable recoupment or set-off.
It points out that the Revenue Cabinet has a policy, Revenue Policy 42P010, that allows credits to taxpayers who have overpaid their income tax and shows that the Revenue Cabinet views credits differently than it does refunds. The Revenue Cabinet responds that this policy is only in place for individual income taxes and that even if we hold the policy applicable to American Life, the policy itself would still bar what American Life seeks to do because it prohibits credits from one tax year being transferred to another tax year. We do not view the existence of the policy to be determinative since a review of the case law establishes that American Life is not entitled to the application of either equitable recoupment or set-off.
The doctrine of equitable recoupment is in the nature of a defense. Its operation allows the taxpayer to claim recoupment for overpayment of taxes when the taxing authority institutes a suit against the taxpayer for underpayment of taxes whether or not the statute of limitations has run on claiming a refund for the overpayment. United States v. Dalm, 494 *915 U.S. 596, 605, 110 S.Ct. 1361, 1366, 108 L.Ed.2d 548 (1990)(quoting Bull v. United States, 295 U.S. 247, 262, 55 S.Ct. 695, 700, 79 L.Ed. 1421 (1935)). Equitable recoupment only applies where "the Government has taxed a single transaction, item, or taxable event under two inconsistent theories." Dalm, 494 U.S. at 605, 110 S.Ct. at 1367, 108 L.Ed.2d 548, n. 5.
For example, if the Revenue Cabinet assessed an income tax and then determined that the same money, property or other thing of value should have been subject to estate taxes during the same taxable period, then the taxpayer could appropriately argue for the doctrine of equitable recoupment to be applied. Here, American Life wishes to have the doctrine operate so that it may take overpayments from the tax periods of, presumably 1988 to 1994, and have them applied to its future tax liabilities.
As stated above, the case law does not support the application of equitable recoupment in the circumstances urged by American Life. See Dysart v. United States, 169 Ct.Cl. 276, 340 F.2d 624, 627 (1965). And, while it is arguable that Kentucky has implicitly recognized equitable recoupment (see City of Columbus v. Bank of Columbus, Ky., 122 S.W. 835, 836 (1909)), it has also been held that if equitable relief is not provided for by statute then it is unavailable. Commonwealth of Kentucky, Revenue Cabinet v. Gossum, Ky., 887 S.W.2d 329, 335 (1994). In any event, American Life is not entitled to its application here.
Likewise, the doctrine of set-off is not applicable. Set-off is also in the nature of a defense but is one available to the taxing authority. Its genesis is often identified as Lewis v. Reynolds, 284 U.S. 281, 52 S.Ct. 145, 76 L.Ed. 293 (1932). In that case the United States Supreme Court held that when a taxpayer institutes an action for a refund the government may defend by asserting that the taxpayer has not, in fact, overpaid his taxes. The court stated:
An overpayment must appear before refund is authorized. Although the statute of limitations may have barred the assessment and collection of any additional sum, it does not obliterate the right of the United States to retain payments already received when they do not exceed the amount which might have been properly assessed and demanded.
Id. 284 U.S. at 283, 52 S.Ct. at 146. See also, Dysart, supra 169 Ct.Cl. 276, 340 F.2d at 627 (equitable recoupment not to be confused with the broader defense of lack of overpayment); Fisher v. United States, 80 F.3d 1576, 1579-1580 (Fed.Cir.1996).
The fact that the Revenue Cabinet has argued for set-off for itself in another case before this Court, (see GTE South, Inc. v. Commonwealth of Kentucky, Revenue Cabinet, No.2003-CA-000773-MR, 2004 WL 690653 (Ky.App. April 2, 2004)), does not prohibit the Revenue Cabinet from maintaining in this case that the doctrine is inapplicable. The right to raise the issue of set-off is not subject to equitable considerations and may be applicable in one case but not another. Dysart, supra 169 Ct.Cl. 276, 340 F.2d at 627.
In sum, we hold that the Jefferson Circuit Court correctly determined that the two-year statute of limitations applies to American Life's suit for a refund, and that the doctrines of equitable recoupment and set-off are not available to it under the facts of this case. The judgment of the circuit court is affirmed.
ALL CONCUR.
NOTES
[1] Citations to KRS 136.320 are to the statute as it was in effect at the time American Life applied for a refund.
[2] We do observe that St. Ledger stated that its original decision concerned the constitutionality of ad valorem tax provisions. St. Ledger v. Commonwealth of Kentucky Revenue Cabinet, Ky., 942 S.W.2d 893, 895 (1997).