## Commonwealth *v.* United Gas Improvement Co., Appellant.

*Taxation—Corporations—Capital stock.*

When a tax has been paid by a corporation upon its entire capital stock, the same stock cannot be again charged with taxes in the hands of the separate holders of the shares into which it may be divided, unless such double taxation is expressly authorized by statute.

Argued May 28, 1894. Appeal, No. 27, May T., 1893, by defendant, from judgment of C. P. Dauphin Co., June T., 1892, No. 365, for plaintiff, on trial by court without jury. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Appeal from tax settlement.
The facts appear by the opinion of the Supreme Court.

*Errors assigned* were, inter alia, entry of judgment.

*M. E. Olmsted* and *C. E. Morgan, Jr.*, for appellant, cited: Com. v. Coal Co., 156 Pa. 488; Fox's Ap., 112 Pa. 337; Fidelity Co. v. Loughlin, 139 Pa. 612; Penna. Co. for Ins. etc. v. Com., 22 W. N. 340; (s. c., 2 Mona. 694; motion for reargument, Ib. 776;) Com. v. Penna. Co., 145 Pa. 266; Bank v. Young, 25 Iowa, 311; Comrs. v. Bank, 48 Md. 117; Tax Cases, 12 G. & J. 117; Gordon's Exrs. v. R. R., 5 Gill, 231.

*W. U. Hensel*, attorney general, *James A. Stranahan*, deputy attorney general, with him, for appellee, cited: Com. v. Westinghouse Electric & Mfg. Co., 151 Pa. 265; Com. v. Air Brake Co., 151 Pa. 276.

OPINION BY MR. JUSTICE WILLIAMS, July 11, 1894:

The capital stock of the defendant corporation was appraised at the sum of $8,694,675, and the capital stock tax was charged with taxes upon that sum. Upon appeal to the court of common pleas of Dauphin county that court deducted from the above valuation so much of the capital stock as was invested in tangible property outside of this state, so much as was invested in patent

rights, and so much as represented exclusive licenses to use certain patents which the corporation did not own. It refused to deduct so much as was invested in the shares in corporations that had been assessed, and paid, a capital stock tax. The defendant appealed to this court alleging the refusal to deduct the sum invested in said shares as error. This item now appears by an agreement which was filed in the court below to be the only subject of controversy in the case. If this item should have been deducted by the court below then the state has received all to which it is entitled. This question is fully settled by the Commonwealth v. Fall Brook Company, 156 Pa. 488. It is not necessary to repeat what was there said. When a tax has been paid by a corporation upon its entire capital stock, the same stock cannot be again charged with taxes in the hands of the separate holders of the shares into which it may be divided, under the law as it stood when this case was heard in the court below, nor under any act of assembly now in force in this state to which our attention has been called. This is further shown by the Commonwealth v. The Lehigh Coal and Navigation Company, the opinion in which we file herewith [the next case].

The judgment is therefore reversed and judgment is now entered in favor of the defendant with costs of suit.