Commonwealth of Pennsylvania *v.* S. Frieder & Sons Company, Appellant.

Argued October 5, 1976, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS and BLATT. Judge KRAMER did not participate.

*William P. Thorn,* with him *Wolf, Block, Schorr and Solis-Cohen,* for appellant.

*Joseph F. Lynch,* Deputy Attorney General, with him *Donald J. Murphy,* Deputy Attorney General, for appellee.

OPINION BY JUDGE MENCER, December 14, 1976:

This is an appeal from a denial by the Board of Finance and Revenue of a petition for review of the

settlement of the 1971 franchise tax of S. Frieder & Sons Company (Frieder). Pennsylvania imposes a franchise tax on foreign corporations doing business in Pennsylvania or having capital or property employed in this Commonwealth.[1] This tax is assessed upon the value to the taxpayer of the franchise to do business in this state. *Commonwealth v. Columbia Gas & Electric Corp.*, 336 Pa. 209, 8 A.2d 404 (1939).

The value of the franchise is computed by multiplying the value of the corporation's capital stock by the arithmetic mean of three fractions: the tangible property fraction, the compensation fraction, and the gross receipts fraction. The sole issue in this appeal is whether the Commonwealth's valuation of Frieder's capital stock at $1.1 million was reasonable and not excessive.

Frieder is a cigar manufacturer and engaged primarily in manufacturing private label cigars for large retailers or wholesalers. It enjoys about two-thirds of 1 percent of the total cigar market of the United States. Cigar consumption in the United States has declined each year since 1965, with the exception of the year 1970. The decline from 1965 to 1971 was approximately 1.1 billion units.

A jury trial was waived by the parties to this litigation, in accordance with the provisions of Section 1 of the Act of April 22, 1874, P.L. 109, *as amended*, 12 P.S. §688. The parties have entered into a partial stipulation of facts. We adopt the stipulation as our findings of fact and incorporate the same herein by reference. In the course of this opinion we will discuss those facts which, in our judgment, are essential to the disposition of this case.

---

[1] During the tax year in question, the tax was imposed by the Tax Reform Code of 1971, Act of March 4, 1971, P.L. 6, §602, found at 72 P.S. §7602, as unaffected by the amendment of August 31, 1971, P.L. 362.

Frieder timely filed its franchise tax report for the year ended December 31, 1971, in which it valued its capital stock for franchise tax purposes at $557,461. Its allocation fraction was .638952, and its 10-mill franchise tax was computed at $3,562. The Department of Revenue and Auditor General settled Frieder's franchise tax for the year in question by increasing the value of its capital stock to $1.1 million, with a resulting increase in the franchise tax which was determined to be $7,028.47. Frieder was unsuccessful in attempting to have the tax resettled and thereafter filed a petition for review with the Board of Finance and Revenue, which was denied.

Section 601 of the Act, 72 P.S. §7601, provides in pertinent part that the capital stock shall be valued and appraised ''at its actual value in cash as it existed at the close of the year for which report is made; taking into consideration, first, the average which said stock sold for during the year; and second, the price or value indicated or measured by net earnings or by the amount of profit made and either declared in dividends, expended in betterments, or carried into the surplus or sinking fund; and third, the actual value indicated or measured by consideration of the intrinsic value of its tangible property and assets, and of the value of its good will and franchise and privileges, as indicated by the material results of their exercise, taking also into consideration the amount of its indebtedness.''

Frieder is a privately held corporation and none of its stock was sold during the year 1971. Frieder's current assets on December 31, 1971 consisted of cash in the amount of $97,481, accounts receivable of $414,273, inventories of $846,201, and other current assets and investments of $226,138. In addition, Frieder's buildings and other fixed depreciable assets were valued at $992,983, subject to accumulated de-

preciation of $649,699, and other assets totaled $393,550. These items resulted in total current assets of $2,320,927. Frieder's liabilities included accounts payable of $192,085; mortgages, notes, and bonds payable in less than one year of $80,000; mortgages, notes, and bonds payable in one year or more, $240,000; and other current liabilities of $118,968. The book value of the shareholders equity as of December 31, 1971 was $1,689,874.

Frieder's earnings-and-dividend history for the years 1967 through 1971 was as follows:

| Year | Book Net Income After Federal Taxes | Dividends | Equity | Capital Stock Valuation Reported | Capital Stock Valuation Settled |
|------|------|-----------|--------|----------|---------|
| 1967 | $ 36,469 | $ 7,750 | $1,751,576 | $1,000,000 | $1,200,000 |
| 1968 | 18,698 | 7,620 | 1,747,778 | 1,200,000 | 1,200,000 |
| 1969 | (118,050) | 944 | 1,664,253 | 1,200,000 | 1,200,000 |
| 1970 | 16,968 | 4,717 | 1,666,504 | 1,200,000 | 1,200,000 |
| 1971 | 30,919 | 7,548 | 1,689,874 | 557,461 | 1,100,000 |
| Total | ($ 14,996) | $28,579 | | | |
| 5-yr. Average | ($ 2,999) | $ 5,716 | | | |

Frieder's sales for the last five years are as follows:

| Year | Sales |
|------|-------|
| 1967 | $3,898,301 |
| 1968 | $3,616,581 |
| 1969 | $3,643,364 |
| 1970 | $3,872,005 |
| 1971 | $3,592,592 |

In order to bolster its sales volume, in 1969 Frieder acquired another cigar manufacturer with a higher priced product line. This move resulted in a temporary improvement in sales for 1970, but in 1971 sales fell off nearly $300,000. The sales volume for the year 1971 was below the annual volume for the

preceding four years, as shown above. In 1972, Frieder liquidated a wholly-owned Philippine subsidiary named Helena Cigar Company. The cost of the stock of the subsidiary to Frieder was $134,351, and on liquidation Frieder received $80,192.

As we have stated in many previous opinions, the application of the statutory guidelines to a specific fact situation is not an easy or a precise matter. We once again repeat what was said in *Commonwealth v. Pennsylvania Railroad Co.*, 297 Pa. 308, 317, 147 A. 242, 244 (1929):

> [T]he value of capital stock is not a matter of strict formula but a matter of judgment. 'Common sense and practical every-day business experience are the best guides for those entrusted with the administration of tax laws. Taxation is a practical and not a scientific problem.'

The different statutory factors for ascertaining valuation of capital stock may receive varying weight, or no weight at all, as the situation of each particular case occasions. *See Commonwealth v. Philadelphia Market Street Subway-Elevated Railway Co.*, 408 Pa. 357, 184 A.2d 483 (1962). In *Spang Stores, Inc. v. Commonwealth*, Pa. , , 360 A.2d 180, 183 (1976), we find the following:

> As one commentator has noted:
> '[i]n determining the value of the capital stock of a corporation for the purpose of taxation, all elements of value must be considered, the amount of dividends declared, net earnings, market price, liabilities, indebtedness, earning capacity, value of franchise, and everything that may throw light upon the subject.' Stradley and Krekstein, Corporate Taxation and Procedure in Pennsylvania, §94, p. 112.

The Commonwealth argues here that a $1.1 million value on Frieder's capital stock on December 31, 1971

would be proper because the book value of Frieder's capital stock was $1,689,874 and its earnings for the year 1971 were $30,919. The Commonwealth's valuation is approximately 65 percent of Frieder's book value. The Commonwealth likewise stresses the fact that for the four years immediately prior to 1971 the settled capital stock value for Frieder was $1.2 million and in the three years immediately preceding 1971 the taxpayer reported a capital stock value of $1.2 million.

Frieder argues that the Commonwealth placed undue and mistaken emphasis upon the book value of its assets in valuing its capital stock. Frieder asserts that the best measure of value is the earnings of the corporation since they have the most direct bearing on what a business is worth. It further asserts that the history of Frieder's operations, the nature of its business, and its future prospects all point to a value substantially less than its book value as shown by its balance sheet.

We have considered all of the matters raised concerning the valuation, keeping always in mind that we should take into consideration, when determining the actual value in cash of the capital stock as it existed at the close of the taxable year, the three statutory elements set forth in Section 601 of the Tax Reform Code of 1971. We are mindful that Frieder's average net profit for the five-year period ended in 1971, excluding the unusual loss attributable to the year 1969, was less than $24,000 per year and that testimony indicated that the balance-sheet item of trademarks and good will shown as $376,292 had little or no real value. Therefore, we conclude that the actual value in cash of Frieder's capital stock on December 31, 1971 was $900,000.

Accordingly, we make the following

## Conclusions of Law

1. S. Frieder & Sons Company is a foreign corporation subject to franchise tax liability under the provisions of the Act of March 4, 1971, P.L. 6, §602, for its fiscal year ended December 31, 1971.

2. In appraising the value of the capital stock of S. Frieder & Sons Company for franchise tax purposes for its fiscal year ended December 31, 1971, the proper and legal valuation of such capital stock is $900,000.

3. The franchise stock tax for S. Frieder & Sons Company for its fiscal year ended December 31, 1971 is $5750.57.

4. Judgment should be entered in favor of the Commonwealth and against S. Frieder & Sons Company in the amount of $5750.57.

### Decree Nisi

And Now, this 14th day of December, 1976, after hearing, it is ordered and decreed that judgment be entered in favor of the Commonwealth of Pennsylvania and against S. Frieder & Sons Company in the amount of $5,750.57, together with interest and costs, according to law, unless objections be filed hereto within thirty (30) days. The Prothonotary is directed to notify forthwith the parties hereto or their counsel of this decree.