Rest Haven-Chestnut Hill, Inc., Appellant *v.* Commonwealth of Pennsylvania, Board of Finance & Revenue, Appellee.

Commonwealth of Pennsylvania *v.* Rest Haven-Chestnut Hill, Inc., Appellant.

Argued February 28, 1978, before President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers, Blatt and DiSalle.

*Michael J. Rutenberg,* with him *Rutenberg, Rutenberg, Rutenberg & Rutenberg,* for appellant.

*R. Scott Shearer,* Deputy Attorney General, for appellee.

Opinion by Judge DiSalle, April 28, 1978:

These are appeals by Rest Haven-Chestnut Hill, Inc. (Rest Haven) from the orders of the Board of Finance and Revenue sustaining the original settlements of its capital stock tax for the fiscal year ending March 31, 1972, at $3,000, and for the fiscal year ending March 31, 1973, at $3,500. By order of this Court dated September 28, 1977, the appeals were consolidated for purposes of trial and argument.

Rest Haven had filed its Capital Stock Tax Reports for fiscal years 1972 and 1973 self-appraising

the value of its capital stock at $170,000 and $120,000 respectively. The Department of Revenue, with the Department of Auditor General approving, settled the capital stock tax against Rest Haven based on a value of $300,000 for 1972 and $350,000 for 1973. A Petition for Resettlement of its capital stock tax was thereupon filed by Rest Haven with the Resettlement Board, which, after hearing, affirmed the original settlement. Rest Haven then filed a Petition for Review with the Board of Finance and Revenue, which, after hearing, sustained the original settlement. An Appeal and Specification of Objections was filed with this Court by Rest Haven pursuant to Section 1104 of the Fiscal Code, Act of April 9, 1929, P.L. 343, *as amended*, 72 P.S. §1104. The parties have agreed that a trial by jury be dispensed with in accordance with the provisions of Section 1 of the Act of April 22, 1874, P.L. 109, *as amended*, 12 P.S. §688, and have entered into a stipulation of facts. This stipulation we adopt as our findings of fact and incorporate them herein by reference.

The valuation of capital stock is governed by Section 601 of the Tax Reform Code of 1971 (Act), Act of March 4, 1971, P.L. 88, *as amended*, 72 P.S. §7601. It is provided therein that in ascertaining the actual value of a corporation's capital stock the following criteria must be considered:

[F] irst, the average which said stock sold for during the year; and second, the price or value indicated or measured by net earnings or by the amount of profit made and either declared in dividends, expended in betterments, or carried into the surplus or sinking fund; and third, the actual value indicated or measured by consideration of the intrinsic value of its tangible property and assets, and of the value of its good will and franchises and privileges,

as indicated by the material results of their exercise, taking also into consideration the amount of its indebtedness.

The first consideration, the average selling price of the stock during the year, is not relevant here since Rest Haven is not a publicly held corporation, being a wholly-owned subsidiary of another Pennsylvania corporation, and none of its stock was sold during the years in issue.

With respect to the other two criteria, the following financial data comprises the basis for resolution of the present controversy. For the year ending March 31, 1972, Rest Haven reported a book equity of $157,695. The net earnings of the corporation were $39,529 and the average net earnings over the previous five-year period were $37,083. No dividends were paid during that year, but the five-year average dividend pay-out amounted to $60,000. For the fiscal year ending March 31, 1973, Rest Haven reported its book equity at $67,618. This figure was subsequently revised to $157,695. Its net earnings were $59,923 and the five-year average net earnings were $41,424. During the year, the corporation declared dividends of $150,000. The five-year average dividend amount was $90,000.

Rest Haven advances several reasons to support the contention that the resettlement of its capital stock tax was in error. The major argument is based on the Commonwealth's alleged failure to recognize or to take into consideration a dividend distribution in 1971 of $300,000, and the one in 1973 of $150,000. The 1971 distribution, it is claimed, should have affected the valuation for 1972. It is argued that had these dividend distributions been considered, the net assets and book value of the corporation would have been significantly reduced. Additionally, the distribution of these dividends would have substantially affected

the amounts available for future distributions.[1] Rest Haven also contends that application of the principles set forth in *Spang Stores, Inc. v. Commonwealth,* 468 Pa. 63, 360 A.2d 180 (1976), would mandate a lower valuation of its capital stock.

The criteria enumerated in Section 601 of the Act cannot be applied with equal weight to all corporations. Necessity requires that these factors be accorded varying weight as the situation in each case dictates. *Chrysel Corp. v. Commonwealth,* 6 Pa. Commonwealth Ct. 368, 295 A.2d 624 (1972). Valuation of the capital stock of a corporation, therefore, is not a matter of strict formula but a matter of judgment. *Commonwealth v. Progress Manufacturing Co.,* 389 Pa. 600, 133 A.2d 814 (1957); *Commonwealth v. Pomeroy's, Inc.,* 344 Pa. 538, 26 A.2d 197 (1942); *Commonwealth v. Pennsylvania Railroad Co.,* 297 Pa. 308, 147 A. 242 (1929). As was stated in *Spang Stores, Inc. v. Commonwealth, supra,* ". . . accounting figures are not determinative of valuation; and, book values are not evidence of actual value for capital stock purposes."

In determining the valuation of Rest Haven's capital stock for the years 1972 and 1973, we have considered the dividend distributions made by the corporation. Our review of the record convinces us that the Commonwealth also considered this factor. However, as the Commonwealth points out, if sole reliance

---

[1] In connection herewith, Rest Haven suggests that in failing to enumerate with specificity those factors which were relied on to arrive at the capital stock valuation, the Commonwealth has deprived it of due process of law. There is no statutory requirement that the Commonwealth inform a taxpayer of the bases for its valuation. Moreover, Rest Haven never formally requested such an explanation. This, coupled with the fact that such information could have been elicited at the hearings before the Resettlement Board or the Board of Finance and Revenue. leads us to conclude no due process violation has occurred.

had been placed upon these distributions, a higher valuation would have resulted. In order to avoid such a result, the Commonwealth considered earnings factors to be the predominant determinative in arriving at the capital stock valuation of Rest Haven. The earnings and dividend history for the ten fiscal years ending March 31, 1973, was:

Fiscal year

| Ending | Earnings | Dividends |
|--------|----------|-----------|
| 3/31/64 | $17,030 | None |
| 3/31/65 | $52,999 | None |
| 3/31/66 | $33,132 | None |
| 3/31/67 | $32,381 | None |
| 3/31/68 | $38,219 | None |
| 3/31/69 | $34,045 | None |
| 3/31/70 | $30,888 | None |
| 3/31/71 | $42,733 | $300,000 |
| 3/31/72 | $39,529 | None |
| 3/31/73 | $59,923 | $150,000 |
| Average | $38,089 | $45,000 |

This history shows a consistent pattern, with normal fluctuations, in the earnings of Rest Haven. It also shows a likelihood that similar earnings will be made in subsequent years. The consistency both of the yearly net earnings and the average five-year earnings of Rest Haven suggests that the element of prime importance in the instant case is the price or value indicated or measured by net earnings or the amount of profit made.

Rest Haven's reliance on *Spang Stores, Inc. v. Commonwealth, supra,* is misplaced. As we have previously stated, each case must be determined on its own particular factual and financial history; each corporation must have its capital stock valued on the basis of valuation factors most appropriate to it. Al-

though it is true that in *Spang Stores* the settlement was less than the book equity of that corporation, while here the settlement is more than the book equity of Rest Haven, we cannot conclude that this is an inequitable disparity in valuation of capital stock. The valuation factors in *Spang Stores* are distinctly different from the valuation factors in the instant case. Indeed, in placing a value on Rest Haven's capital stock, we have considered the effect that the distribution of dividends can have on the book equity of a corporation. Since one hundred percent of the stock of Rest Haven is owned by a parent corporation, the book equity of this corporation can be controlled to a greater extent than most by issuing dividends. It was to avoid such an inaccurate result that greater reliance is placed on the corporation's net earnings.

After a de novo consideration of all the matters raised concerning valuation, and having reviewed these matters in light of the statutory elements of Section 601 of the Act, we determine that the actual value of Rest Haven's capital stock at the close of fiscal year 1972 was $300,000 and at the close of fiscal year 1973 was $350,000.

### Conclusions of Law

1. Rest Haven-Chestnut Hill, Inc., a Pennsylvania corporation, is subject to capital stock tax liability under the provisions of the Tax Reform Code of 1971, Act of March 4, 1971, P.L. 88, *as amended,* for its fiscal years ending March 31, 1972, and March 31, 1973.

2. The value of the capital stock of Rest Haven-Chestnut Hill, Inc., for capital stock tax purposes for its fiscal year ending March 31, 1972, is $300,000.

3. The capital stock tax of Rest Haven-Chestnut Hill, Inc., for fiscal year ending March 31, 1972, is $3,000.

4. The value of the capital stock of Rest Haven-Chestnut Hill, Inc., for capital stock tax purposes for its fiscal year ending March 31, 1973, is $350,000.

5. The capital stock tax of Rest Haven-Chestnut Hill, Inc., for fiscal year ending March 31, 1973, is $3,500.

6. Judgment should be entered in favor of the Commonwealth and against Rest Haven-Chestnut Hill, Inc., in the total amount of $6,500.

### Decree Nisi

And Now, this 28th day of April, 1978, it is ordered that the capital stock tax of Rest Haven-Chestnut Hill, Inc. for the fiscal year ending March 31, 1972, is $3,000, based upon a valuation of $300,000; and that the capital stock tax of Rest Haven-Chestnut Hill, Inc. for the fiscal year ending March 31, 1973, is $3,500, based upon a valuation of $350,000. It is further ordered that judgment be entered in favor of the Commonwealth of Pennsylvania and against Rest Haven-Chestnut Hill, Inc., in the amount of $6,500, together with interest and costs, according to law, unless exceptions be filed hereto within thirty (30) days. The Prothonotary is directed to notify forthwith the parties hereto or their counsel of this decree.